(No. 20871.—)

THE PEOPLE *ex rel.* William Lejcar, Plaintiff in Error, *vs.* WILLIAM D. MEYERING, Sheriff, Defendant in Error.

*Opinion filed October 23, 1931.*

450

JOHN J. PHILLIPS, (LOUIS GREENBERG, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, GRENVILLE BEARDSLEY, and Q. J. CHOTT, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, William Lejcar, filed in the criminal court of Cook county a petition for writ of *habeas corpus* in which he alleged that he was unlawfully restrained of his liberty by defendant in error, the sheriff of Cook county, under a warrant issued on March 14, 1931, by the Governor of this State on the requisition of the Governor of Indiana. The writ of *habeas corpus* was issued and a return thereto filed by defendant in error. A hearing was had, which resulted in an order of said court quashing the writ and remanding plaintiff in error to the custody of the sheriff. A writ of error has been sued out of this court for a review of the record.

The grounds set out in the petition of plaintiff in error for the writ of *habeas corpus* are, (1) that he is not substantially charged with a crime against the laws of the demanding State; (2) that he is not a fugitive from the justice of the demanding State—*i. e.*, that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged was alleged to have been committed; and (3) that he is not the particular person named in the requisition of the Governor of Indiana and in the warrant issued by the Governor of this State.

The abstract of the record filed in this court by plaintiff in error is very sketchy. It appears from evidence ab-

stracted that the Governor's warrant under which plaintiff in error was held by the sheriff, or a copy thereof, was not attached to the sheriff's return to the writ. The warrant was produced at the hearing, however, and the recitals thereof are as follows: "The Governor of the State of Indiana demands of me the arrest and delivery of William Lejcar and John Hitch as fugitives from justice, and has produced and laid before me a copy of an affidavit certified as authentic by the said Governor and duly authenticated and charging the said William Lejcar and John Hitch with having committed on the 19th day of February, A. D. 1931, in the county of Clinton, in the said State of Indiana, the crime of bank robbery, which the said Governor certifies to be a crime under the laws of said State, and being satisfied that the said William Lejcar and John Hitch fugitives from justice and have fled from the State of Indiana and have taken refuge in this State." There is no showing in this case that the recitals in this warrant are not true, and in the absence of such showing they must be deemed to state the truth, and the recitals in the Governor's warrant in this case make out a *prima facie* case that the issuance of the warrant by the Governor of this State was legal and justified and that the detention of plaintiff in error under the authority of that warrant by the sheriff is legal. *Lacondra* v. *Hermann,* 343 Ill. 608.

The chief contention of plaintiff in error is that the court refused to consider the evidence introduced by him to show that he was not a fugitive from the justice of the State of Indiana, which evidence was to the effect that he was in Chicago on the 15th day of February, 1931, and every day thereafter to and including the 26th day of that month. The court permitted plaintiff in error to introduce all of the evidence that he offered. The abstract shows that plaintiff in error testified that he was in the city of Chicago on February 15, 1931, and was not out of that city thereafter until the 26th day of that month; that another wit-

ness, Rose Wachowski, testified that she saw plaintiff in error in Chicago on each day from the 17th to the 24th day, inclusive, of the month of February, 1931; that four other witnesses testified that on or about the 19th day of February, 1931, plaintiff in error was in Chicago. Nona Storms, a witness for defendant in error, testified that she was an employee of the Farmers State Bank of Scircleville, Indiana, and that on the 19th day of February, 1931, that bank was robbed. She identified plaintiff in error as being one of the persons that participated in that robbery. So far as the abstract shows the evidence of the witnesses, the testimony of none of them except plaintiff in error shows that it would have been impossible for him to have been in Scircleville, Clinton county, Indiana, on the 19th day of February, 1931. This court will take judicial notice of the fact that the distance from Chicago to Scircleville is not so great but that plaintiff in error might have been in Chicago at some time on the day of the alleged bank robbery and yet have taken part in that crime at Scircleville. In order to entitle the plaintiff in error to his discharge on the ground that he was not a fugitive from justice the burden was on him to show that he was not present in the demanding State on the day of the commission of the crime with which he was charged. *Habeas corpus* is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused, and the court will not discharge a defendant arrested on a Governor's warrant where there is contradictory evidence on the question of his presence in or absence from the demanding State on the day of the commission of the crime with which he is charged. *People* v. *Traeger,* 340 Ill. 147; *Lacondra* v. *Hermann, supra.*

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*