(No. 22229.—

THE PEOPLE *ex rel.* Jack Mack, Appellant, *vs.* WILLIAM D. MEYERING, Sheriff, Appellee.

*Opinion filed February 23, 1934.*

M. L. CARMODY, and R. E. HOGAN, for appellant.

OTTO KERNER, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WIL-
SON, and J. ALBERT WOLL, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

This is an appeal under the Fugitive From Justice act
(Smith's Stat. 1933, chap. 60, p. 1541,) from the judgment
of the criminal court of Cook county remanding the ap-
pellant to the custody of the appellee and dismissing the
petition for *habeas corpus.*

Appellant, John Mack, otherwise known as Big Mc-
Namara, otherwise known as Australian Mack, filed in the
criminal court of Cook county a petition for the writ of
*habeas corpus,* in which he alleged that he was unlawfully
restrained of his liberty by the appellee, the sheriff of Cook
county, under a warrant issued on October 12, 1933, by
the Governor of this State on the requisition of the Gov-
ernor of New Jersey. The writ of *habeas corpus* was is-
sued on October 13, 1933, and a return thereto was filed
by appellee. On October 20, 1933, an amended petition
was filed, which alleged that the requisition papers were
not in regular or legal form; that the original commit-
ment was based on a warrant issued out of the municipal
court and bond was given to the municipal court of Chi-
cago; also that the papers from the State of New Jersey
were not in regular form; that the copy of the indict-
ment attached to the petition for extradition was improper;

that the petition from the Governor of the State of New Jersey to the Governor of the State of Illinois did not follow the charge in the indictment; that the Governor's warrant was not signed by the Governor of the State of New Jersey but by one Richard, who signed as president of the Senate, acting Governor; that the original commitment was irregular; that the petitioner was not substantially charged with a crime according to the laws of the State of New Jersey; that he was not a fugitive from justice and was not physically present in the demanding State at the time the crime was alleged to have been committed; that at the time charged in the indictment, and for a long time prior thereto, he was in the State of New York; that the requisition was not made in good faith but was caused to be issued by reason of the fact that the said John Mack, etc., refused to pay the complaining witness certain sums of money.

As a return to the petition the sheriff set out that he was holding the appellant, John Mack, by virtue of a warrant issued by the Governor of Illinois for the extradition of Mack to the State of New Jersey. The warrant recited that the Governor of the State of New Jersey demanded of the Governor of Illinois the arrest and delivery of John Mack, etc., as a fugitive from justice, and had produced a copy of an indictment, certified as authentic and duly authenticated by the Governor of New Jersey, charging Mack with having committed on the 11th day of June, 1928, in Passaic county, New Jersey, the crime of conspiracy, which the Governor of New Jersey certified to be a crime under the laws of that State, and it recited further that the Governor of Illinois is satisfied that Mack is a fugitive from justice and has fled the State of New Jersey and taken refuge in this State.

The court ordered that the original petition stand as a traverse to appellee's return. After the hearing the court dismissed the petition for the writ of *habeas corpus,* re-

manded appellant to the custody of the sheriff of Cook county, and allowed him ten days within which to appeal to this court.

Appellant has assigned numerous errors but has not argued all of them. Those not argued are deemed to have been waived. (*Wilson* v. *Prochnow*, 354 Ill. 98.) He contends (1) that the court erred in denying the continuance on account of the absence of the attorney for the petitioner; (2) he contends that the court erred in holding that the charge set forth in the Governor's warrant as a basis for his removal is the crime charged in the indictment attached to the request for requisition, and this, he urges, is a charge of obtaining money by false pretenses and not a charge of conspiracy; and (3) he also urges that the detaining warrant upon which he was held was a warrant charging the confidence game against one Alcock and was issued out of the municipal court of Chicago; that the bond for costs was also signed by Alcock and went to that court and not to the criminal court of Cook county, and that the requisition papers set forth he was held on a warrant in the municipal court until the Governor's warrant was received.

At the hearing on the petition for *habeas corpus* in the criminal court on October 20, 1933, at which time he was held under the authority of the rendition warrant, appellant, through counsel, made an oral request for a continuance on the ground that co-counsel was in New York attempting to secure witnesses to show that appellant was not within the State of New Jersey at the time the crime was alleged to have been committed. No affidavit for a continuance was filed setting forth that the witnesses were material or the substance of their proposed testimony. We are of the opinion that appellant was not entitled to a continuance on such showing. His daughter was present in court, and according to the record she was ready and willing to testify as to the whereabouts of appellant at the time

of the commission of the crime in New Jersey. The reason why she was not called to testify does not appear. The burden of proving that he was not within the demanding State is upon the defendant. We have held that the Governor's rendition warrant makes a *prima facie* case against the prisoner. (*People* v. *Meyering*, 345 Ill. 449; *People* v. *Munie*, 354 id. 490.) The record shows that the appellee had witnesses present who would have testified that appellant was in New Jersey on the date in question if he had offered proof to rebut the *prima facie* case made by the Governor's warrant. What we said in *People* v. *Meyering, supra,* is applicable here: "*Habeas corpus* is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused, and the court will not discharge a defendant arrested on a Governor's warrant where there is contradictory evidence on the question of his presence in or absence from the demanding State on the day of the commission of the crime with which he is charged.—*People* v. *Traeger*, 340 Ill. 147; *Lacondra* v. *Hermann*, 343 id. 608." (See, also, *People* v. *Munie, supra.*) Counsel for appellee offered to admit that appellant's absent witnesses would testify to appellant's being in New York instead of in New Jersey on the day in question, but this offer was not accepted. If it had been, witnesses were present to testify for appellee that appellant was in New Jersey on the day named in the indictment. A contradiction would have resulted in the testimony as to the presence in or absence from the demanding State, and a mere contradiction will not entitle the prisoner to his discharge on a petition for the writ of *habeas corpus.* This case is one where no attempt was made to overcome the *prima facie* case made by the rendition warrant. It may be that appellant did not produce what evidence he had, under the mistaken belief that he had the right to try the question of alibi in this *habeas corpus* proceeding. But if he had no such right it follows

that the court did not err in refusing to grant the continuance. It was imperative that the prisoner produce evidence to overcome the *prima facie* case, and since he did not he is not entitled to his discharge. The trial court did not err in refusing to grant the continuance.

In aid of the contention that the court erred in holding that the charge set forth in the Governor's warrant as a basis for removal is the crime set forth in the indictment attached to the request for requisition, appellant claims that the indictment charges him with the crime of false pretenses and that the requisition papers say he was charged with conspiracy. All of the indictment that is material to this cause is as follows: "John Mack  *  *  *  (and others) did unlawfully, willfully, falsely and designedly combine, unite, confederate, conspire and bind themselves by oath, by covenant, agreement and alliance, to commit the crime of false pretenses and to cheat and defraud one Thomas Weber of moneys." Then follows a detailed description of the crime committed. Section 37 of chapter 2 (2 Comp. Stat. of N. J. 1910, p. 1757,) provides: "Conspiracy—Any two or more persons who shall combine, unite, confederate, conspire or bind themselves by oath, covenant, agreement or other alliance to commit any crime,  *  *  * or to cheat and defraud any person of any property by any means which are in themselves criminal, or to cheat and defraud any person of any property by any means which, if executed, would amount to a cheat or to obtain money by false pretenses,  *  *  *  shall, on conviction be deemed guilty of a conspiracy," etc. A comparison of the language of the indictment with that of the New Jersey conspiracy statute shows that the indictment follows it closely. We said in *People* v. *Meyering,* 348 Ill. 486, at page 492: "The question of law whether the plaintiff in error was charged substantially by the indictment with a crime under the law of New York arises upon the face of the requisition papers. There can be no doubt about the insufficiency

of the indictment to charge a crime under either the common law or the law of Illinois. That is not, however, the standard for determining the question. It is within the power of each State, except as limited by the constitution of the United States, to declare what shall be offenses against her laws, and citizens of other States when within her jurisdiction are subject to those laws, and the words of the clause in reference to fugitives from justice are sufficiently comprehensive to include every offense against the laws of the demanding State. Each State has the right to establish the forms of pleading and process to be observed in her own courts in both civil and criminal cases, subject only to those provisions of the constitution of the United States involving the protection of life, liberty and property in all the States of the Union. It is according to the laws of New York, the State whose laws are alleged to have been violated, that the indictment must be construed, and not by the technical rules of criminal pleading at common law or by the statutes of the State in which the person demanded is found. (*Ex parte Reggel,* 114 U. S. 642.) If the indictment was in substantial conformity with the statute of New York its sufficiency as a matter of technical pleading cannot be inquired into on *habeas corpus.—Pearce* v. *State of Texas,* 155 U. S. 311; *Munsey* v. *Clough,* 196 id. 364." The indictment charged conspiracy following the general language of the New Jersey statute, and the trial court did not err in overruling appellant's contention that it charged him with the crime of false pretenses.

The last contention to be considered is, that before the Governor's warrant was issued, on October 12, the appellant had been held on a warrant issued from the municipal court of Chicago on September 25, 1933, charging him with obtaining money from Thomas Alcock by means of the confidence game. When the Governor's warrant was served the preliminary proceeding was dismissed.

After this appellant was held by authority of the rendition warrant. If he thought the warrant from the municipal court caused him to be held illegally he could have asked for a writ of *habeas corpus* at that time. It was too late to question the validity of the preliminary arrest after he had been arrested by the authority of the Governor's warrant.

Appellant also complains that the bond for costs in the municipal court was signed by Alcock. The bond for costs is not set forth anywhere in the record, but we do not consider it material to this case. The record shows that bail was fixed by the criminal court of Cook county, as is required by our statute. Smith's Stat. 1933, chap. 60, sec. 4.

Appellant having failed to sustain the burden of showing that his detention was illegal the judgment of the trial court was correct, and it is affirmed.

*Judgment affirmed.*