## STATE EX REL. WILBUR C. BROWN v. KERMIT HEDMAN, SHERIFF OF RAMSEY COUNTY.

157 N. W. (2d) 756.

March 29, 1968—No. 41,145.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, and *Thomas Poch* and *Thomas M. Quayle,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order denying a petition for writ of habeas corpus in an extradition proceeding.

On May 23, 1967, relator was taken into custody by Burnsville,

Minnesota, officers pursuant to a traffic warrant issued by the St. Paul police and a bench warrant issued from Mercer County, New Jersey. He first appeared in St. Paul municipal court in June 1, 1967, on a fugitive complaint sworn to on May 31, 1967. The St. Paul municipal court committed him to jail for 30 days pursuant to Minn. St. 629.15. On June 30, 1967, relator was recommitted for an additional 10 days pursuant to § 629.17 in order to allow time for extradition documents to arrive from New Jersey. The documents not having arrived, on July 10, 1967, the municipal court of St. Paul dismissed the fugitive complaint filed May 31, 1967.

In the meantime, on June 8, 1967, defendant had appeared before the St. Paul municipal court on a complaint filed on June 7 charging him with having committed aggravated robbery in the State of Minnesota. Bail was set at $5,000, the public defender was appointed, and the matter continued until June 12, 1967, at which time the judge of the municipal court appointed the public defender to also represent relator on the fugitive complaint. Relator requested a preliminary hearing on the charge of aggravated robbery, which was held June 15, 1967, and he was bound over to the Ramsey County District Court for trial. He was arraigned on the robbery charge on June 19, 1967, at which time he entered a plea of not guilty. Unable to furnish bail, relator remained in the county jail until brought to trial on October 9, 1967. He was acquitted of this charge by the jury and immediately thereafter was rearrested and confined in the Ramsey County Jail pursuant to a rendition warrant issued July 28, 1967, by the governor of this state at the request of New Jersey. Relator then petitioned for a writ of habeas corpus, claiming that the dismissal of the original fugitive complaint on July 10 was a bar to any further extradition proceedings.

Under the Uniform Extradition Law, which has been adopted by Minnesota, a fugitive from another state may be arrested pursuant to a rendition warrant issued by the governor under Minn. St. 629.07. Before he can be turned over to the demanding state, he must be brought before a court of record under § 629.10, where he may challenge the legality of the proceeding and his arrest. Before the completion of extradition proceedings by the demanding state and the issuance of a rendition warrant

by the governor, an accused person may be arrested under § 629.14 upon reasonable information that he stands charged with a crime in the courts of another state. If he is so arrested, he must be taken before a judge or magistrate with all practical speed. He may also be arrested upon the warrant of a magistrate under § 629.13. When he has been arrested under either of these provisions, § 629.15 provides that the judge before whom he is brought must, upon finding that he is in fact the person charged, commit him to jail for such time, not exceeding 30 days, as will enable arrest to be made pursuant to a governor's warrant, unless he furnishes bail as provided in § 629.16. Under § 629.17, where an accused is not arrested under a warrant of the governor and the 30-day period provided by § 629.15 has expired, he may be recommitted or his bail extended for a period not to exceed 60 days.

As already stated, after expiration of the 30-day period in this case, relator was recommitted for an additional 10 days, and when that time had expired, the municipal court dismissed the fugitive complaint. At that point, but for his detention under the charge of aggravated robbery, relator would have been free to go. However, had he stayed in the State of Minnesota, there was nothing to prevent him from being rearrested upon a rendition warrant issued by the governor when extradition proceedings had been completed by the demanding state. The contention of relator that the dismissal of the fugitive complaint was a bar to further extradition proceedings simply is not tenable. No authority supports this position. In support of the opposite position, see People ex rel. Gummow v. Larson, 35 Ill. (2d) 280, 220 N. E. (2d) 165; Bolton v. Timmerman, 233 S. C. 429, 105 S. E. (2d) 518; Cohen v. Warden, Montgomery County (D. Md.) 252 F. Supp. 666; and Lott v. Heyd, Sr. (5 Cir.) 315 F. (2d) 350.

The purpose of the provisions in the extradition law limiting the time within which an accused person can be held in jail or on bail is to prevent unreasonably lengthy periods of confinement pending completion of extradition proceedings by the demanding state. People ex rel. Gummow v. Larson, *supra*. There is nothing in our extradition law limiting the time within which the demanding state may complete extradition proceedings. Once such proceedings have been completed and a rendition warrant has been issued by our governor, prior proceedings for detaining the

accused have served their purpose and he is then held on the rendition warrant for surrender to the demanding state after a court of record has determined the validity of the proceedings. At that point there is no substance to relator's fear that allowance of proceedings subsequent to dismissal under § 629.17 will allow repeated incarceration under §§ 629.15 and 629.17, for once arrest has been made under a governor's warrant those sections are inapplicable.

It follows that the trial court correctly held that relator was not entitled to be discharged on a writ of habeas corpus.

Affirmed.