# Henry Roy Russell v. Robert G. Smith, Warden of the Vermont State Prison

[ 245 A.2d 563 ]

June Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed August 19, 1968

*James Fitzcharles, Esq.,* for the Petitioner.

*James W. Wright,* States Attorney, for the State.

**Smith, J.** The petitioner, Henry Roy Russell, has taken his appeal here from the denial of his petition for a writ of habeas corpus by the Windsor County Court.

The petitioner is presently in the custody of the Warden of the Vermont State Prison for safekeeping by virtue of a warrant issued by the Governor of the State of Vermont, dated January 26, 1968. The circumstances leading to the issuance of the Governor's warrant, and the confinement of the petitioner as disclosed by the findings of fact made below, to which no objection has been made here are now summarized.

The petitioner had been convicted in North Carolina of assault with a deadly weapon, and was sentenced to a term of two years. This conviction became final when the petitioner withdrew his appeal to the Supreme Court of North Carolina and petitioner was committed. While serving his sentence the petitioner escaped from the prison authorities of North Carolina on April 16, 1967.

The petitioner came to Vermont on October 20, 1967 and has been in this state continuously since that time. On January 17, 1968, the Governor of North Carolina requested the Governor of Vermont to issue the warrant before referred to, and the petitioner has been in custody in this state since that time.

The petition for the issuance of a writ of habeas corpus was originally based upon a claimed denial of his constitutional rights under the Fourteenth Amendment of the Constitution of the United States by the State of North Carolina to the petitioner. The petition was later amended, by permission of the court, to contain a further averment that "the warrant of the Governor of Vermont is unlawful and void in that the same was not issued pursuant to any request or demand of the 'executive authority' of the State of North Carolina, or has the accuracy of the documents filed or the facts alleged by North Carolina been authenticated by the 'executive authority' all as required by law." The petitioner concedes that he has suffered no deprivation of his constitutional rights in the State of Vermont, and has stipulated that he is the same person named in the request for extradition and the Governor's warrant.

Vermont has adopted the provisions of the Uniform Criminal Extradition Act. Under such act it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state

with treason, felony or other crime, who has fled from justice and is found in this state. 13 V.S.A. §4942. This duty imposed upon the governor is in accordance with Clause 2, Article IV of the Constitution of the United States of America.

 A court, in a habeas corpus proceeding to release one arrested as a fugitive from justice, is limited in its inquiry. It may inquire whether the petitioner is validly restrained under the applicable constitutional and statutory provisions. *Robb* v. *Connolly,* 111 U.S. 624, 4 S.Ct. 544, 28 L.Ed. 542. The petitioner, held on such a warrant, is entitled to have the issue of fact as to whether he is a fugitive from the justice of the demanding state judicially tried and determined. *Cook* v. *Hart,* 146 U.S. 183, 13 S.Ct. 258, 36 L.Ed. 934. Also open to judicial inquiry and review are the questions whether the person held in custody is the one charged in the warrant or in the requisition papers, and whether the requisition papers have been withdrawn. The guilt or innocence of the accused may not be inquired into except to the extent that it is material in identifying the person held as the person charged with the crime. *Commonwealth ex rel. Raucci* v. *Price,* 409 Pa. 90, 185 A.2d 523, 527. See 31 Am.Jur.2nd §65, pp. 970, 971.

We now quote below No. 8 of the findings of the trial court, to which no exception has been briefed here by the petitioner:

"8. That the Petitioner herein has been convicted in North Carolina of assault with a deadly weapon, was sentenced to a term of two years, which conviction became final when the Petitioner withdrew his appeal to the Supreme Court of North Carolina and hence the Petitioner was committed on the sentence above referred to, and said Petitioner escaped from the prison authorities of North Carolina on April 16, 1967."

The above finding establishes that the petitioner was validly restrained in the demanding state of North Carolina, and that by his escape from the prison authorities of that state he became a fugitive from justice. In No. 9 of the findings, also unexcepted to here, the lower court found that the warrant of the Governor of the State of Vermont by which the petitioner is presently withheld, has never been withdrawn. We note that petitioner at the hearing below conceded the question of his identity.

Petitioner contends in his brief that the requirements of the United States Constitution and of Vermont law (13 V.S.A. §4943) have

not been met in the extradition papers and renditions warrant sent to the Governor of Vermont by the Governor of North Carolina. His brief on this subject matter is confined to the quotation of excerpts from the law he has cited, but he points out no specific claims of error in the documents referred to, which were exhibits in the case.

■ No. 10 of the findings below states: "That the evidence relative to the warrant and arrest of the Petition herein is in accordance with Chapter 159, subchapter 2 of the Vermont Statutes Annotated." The reference is to that part of the Vermont statutes which contains the Uniform Extradition Act. No exception has been briefed by the petitioner to such finding. The burden rests on the accused to overcome the prima facie case made by the warrant that he has been substantially charged with crime as required by statute and that the rendition papers were issued on proper authority. *Commonwealth ex rel. Spivak* v. *Heinz,* 141 Pa.Super. 158, 14 A.2d 875. This burden on the petitioner has not been met here.

Most of the petitioner's brief before us is concerned with alleged error on the part of the court below in not considering his claimed deprivation of his constitutional rights by the State of North Carolina. It is the petitioner's contention, as we understand it, that although he was granted an appeal after his conviction in North Carolina, to the Supreme Court of that state, that he was deprived of due process of law because of the intervening time between his request for such appeal and the granting of it by the North Carolina court.

Petitioner admits that an appeal was eventually granted him by the North Carolina court, and that such appeal was perfected by his court-appointed attorney, but that he then discontinued his appeal. In the hearing below the petitioner sought to introduce evidence explaining the reasons for withdrawing his appeal to the Supreme Court of North Carolina, seeking to introduce, among other evidence, certain statutes and decisions of the State of North Carolina. The refusal of the lower court to receive such evidence is here claimed to be in error by the petitioner.

■ What the petitioner seeks to have done here is to have the courts of Vermont pass upon the procedures of the courts of a sister state. He seeks to have this Court pass upon the constitutionality of his incarceration in the state demanding his extradition, although such a state is not a party here. This is wholly outside our powers

and an intolerable situation would be created if such a procedure were followed.

The authority to determine the validity of his imprisonment in North Carolina rests with the courts of that state. The same constitutional rights which the petitioner seeks to raise here can be raised in the demanding state, and such state is the proper forum in which petitioner should raise the questions here sought to be presented. *Sweeney* v. *Woodall,* 344 U.S. 86, 87, 73 S.Ct. 139, 97 L.Ed. 114.

█ The lower court was correct in refusing to consider the validity of the petitioner's imprisonment in North Carolina. It necessarily follows that the lower court was also correct in denying the admission of evidence sought to be presented by the petitioner in support of this contention. The petitioner cannot by reason of his escape from custody in North Carolina so change his status as to affect the authority of the North Carolina courts to rule upon his claims of deprivation of constitutional and statutory rights suffered in that jurisdiction.

*Judgment affirmed.*