### In re Daniel V. Bryant

[276 A.2d 628]

No. 133-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 6, 1971

*Keith E. King,* Bennington, for Plaintiff.

*Frank G. Mahady,* State's Attorney, and *Paul F. Hudson,* Deputy State's Attorney, for the State.

**Smith, J.** The plaintiff seeks release from the State Prison in Windsor by means of a writ of *habeas corpus,* brought in the Windsor County Court. The Windsor County Court, having made findings of fact, dismissed the petition and the plaintiff has duly taken his appeal here. The plaintiff is now detained in the State Prison by virtue of an executive warrant, signed by the Governor of Vermont, directing the rendition of the plaintiff to the State of New York where he is sought as a fugitive from justice.

An understanding of the issues presented here requires us to narrate the factual background of the case as presented in those parts of the petition of the plaintiff which are admitted to be correct in the answer of the defendant.

On May 22, 1970, the plaintiff was arrested by warrant from the State's Attorney of Windsor County as a fugitive from justice from the State of New York. On the same date, all other charges then pending against the plaintiff in the State of Vermont were *nolle prossed* by the State of Vermont. On the same May 22nd, the plaintiff appeared before the Windsor District Court, refused to waive the 24-hour period for entering a plea, and also refused to waive extradition when so requested by an officer of the State of New York. He was not represented by counsel at this time, although the record shows that he was offered counsel by the court, and refused.

On May 24, 1970, the plaintiff appeared before the Windsor District Court and, acting *pro se,* entered a "plea in bar" and stood mute. The court set bail at $5,000.00 and took the plea under advisement. The plaintiff was unable to furnish bail.

On July 16, 1970, the plaintiff returned to court and further argued on his "plea in bar". The court denied his plea and set August 6, 1970 as a date of hearing after entering a plea of not guilty in behalf of the plaintiff. On July 21, 1970, Keith E. King, Esq., was assigned as counsel for the plaintiff.

On August 5, 1970, the charge of being a fugitive from justice, pending against the plaintiff, was *nolle prossed,* and he was served with the executive warrant. A hearing was held on that date in which the plaintiff objected to the summary *nolle prosse* of the fugitive from justice charge against him, and also argued a motion to quash the executive warrant. The lower court took the motion under advisement and gave the plaintiff until September 22, 1970 to file a writ of *habeas corpus.*

A hearing on the petition for *habeas corpus,* filed by the plaintiff and the motion of the State to dismiss the same, was held by the Windsor County Court on September 21, 1970. The findings of fact of the Windsor County Court were that the plaintiff, at the time of the hearing on the petition for *habeas corpus,* was confined in State Prison by virtue of the executive warrant dated July 31, 1970. The court also found that the plaintiff was identified as the person named in the warrant by a police officer from New York State, as well as that the plaintiff was under indictment in the State of New York for burglary in the third degree, as well as petit larceny. The court also found that the plaintiff did not introduce any evidence in support of his claim that he was presently imprisoned, detained and restrained of his liberty at the Vermont State Prison and "That the imprisonment, detention and restraint of the petitioner as aforesaid is unlawful and without right and contrary to the legal and constitutional rights of the petitioner and in violation of the laws of the State of Vermont and of the United States . . .", as plaintiff had averred in his petition. Found also, was that the Warden of the Vermont State Prison, in whose custody the plaintiff alleged he was restrained and detained, had not been made a party to the proceedings. The petition for the writ of *habeas corpus* was denied. At the October Term of this Court, we granted the plaintiff's motion to stay the execution of the warrant of extradition and admitted the plaintiff to bail in the amount of $3,000.00.

The plaintiff first argues that his detainment as a fugitive from justice was illegal, in that he was detained for more than thirty days before the warrant of the Governor was served upon him. 13 V.S.A. § 4955 provides, in part, that a person held as a fugitive from justice from another state shall be committed to jail by a warrant, reciting the accusation, for a time not to exceed thirty days. Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment, such person shall be admitted to bail. 13 V.S.A. § 4956. If the accused is not arrested under warrant from the governor by the expiration of the time specified in the warrant, bond or undertaking, the judge may discharge him or may recommit him for a further period not to exceed sixty days. 13 V.S.A. § 4957.

In the instant case, the record is clear that the plaintiff has been confined since May 22, 1970, and that he was still confined at the time of the issuance of the governor's warrant of extradition, dated July 31, 1970. The record is also clear that no order was made extending the time of confinement during that period of time for more than the statutory thirty days' detention.

We must, therefore, agree with the contention of the plaintiff that his detention upon the warrant charging him with being a fugitive from justice was unlawful after the expiration of thirty days from the time of his arrest on May 22, 1970. At the expiration of that period, the plaintiff, if he had brought a writ of *habeas corpus*, would have been entitled to have been released from his confinement. We would also agree that if the writ of *habeas corpus* now before this Court was for the release of the plaintiff from detention on the warrant charging him with being a fugitive from justice, that such relief would have to be afforded him by this Court.

But the record before us is that the warrant against the plaintiff on the fugitive from justice charge was *nolle prossed*, and that he was arrested on the governor's warrant on August 5, 1970. It is upon such warrant that he is now confined, as was found by the Windsor County Court. In other words, the detention from which the plaintiff now seeks release is imposed upon him by reason of the governor's executive warrant of July 31, 1970. His petition for a writ of *habeas corpus* was not filed until September 7, 1970.

The trouble with the position of the plaintiff, relative to his admittedly illegal detention for more than the statutory period on the fugitive from justice warrant, is that he did not bring his writ for *habeas corpus* until that detention had expired, and until such time as he was in confinement under the executive warrant from the Governor.

"When the Governor's warrant was served, the preliminary proceeding was dismissed. If he thought that the warrant from the municipal court caused him to be held illegally, he could have asked for a writ of *habeas corpus* at that time. It was too late to question the validity of the preliminary arrest after he had been arrested by the au-

thority of the Governor's warrant." *People* v. *Meyering,* 355 Ill. 456, 189 N.E. 494, 497 (1934).

As was said by Mr. Justice Brandeis in *Stallings* v. *Splain,* 253 U.S. 339, 64 L.Ed. 940, 943 (1920):

> "On the other hand, if the original arrest and detention had been illegal, Stallings would not be entitled to his discharge, if, before final hearing in the *habeas corpus* proceedings, legal cause for detaining him had arisen through the institution of removal proceedings. Where it appears that sufficient ground for detention exists, a prisoner will not be discharged for defects in the original arrest or commitment."

█ It is well settled that a prisoner has no right to a writ of *habeas corpus* unless he is entitled to immediate release, and the writ will not issue unless he is presently restrained of his liberty without warrant of law. *Macomber* v. *Hudspeth,* 115 F.2d 114 (10th Cir. 1940), *cert. denied,* 313 U.S. 558, 85 L.Ed. 1519, 61 S.Ct. 833 (1941); 39 C.J.S. *Habeas Corpus* § 13, at 443.

█ The fact that the Governor's arrest warrant was issued more than 30 days after accused's original arrest as fugitive from justice did not vitiate the executive warrant. *In re Colastanti,* 104 N.J. Super. 122, 249 A.2d 1, 2 (1969), petition for certification denied, 53 N.J. 511, 251 A.2d 450 (1969). Also, see *People ex rel. Green* v. *Nenna,* 17 N.Y.2d 815, 218 N.E.2d 311 (1966). The issuance of the Governor's warrant, and the detention of the plaintiff by virtue of his arrest under such warrant, was not made defective by a possible illegality in his previous detention beyond the statutory time under his arrest on the fugitive from justice warrant.

This leaves us only with the question of the legality of the executive warrant, and the plaintiff's arrest and detention by virtue of it, to determine if he is presently restrained of his liberty without warrant of law.

> "A court, in a *habeas corpus* proceeding to release one arrested as a fugitive from justice, is limited in its inquiry. It may inquire whether the petitioner is validly restrained under the applicable constitutional and statutory provi-

sions. *Robb* v. *Connolly*, 111 U.S. 624, 4 S.Ct. 544, 28 L.Ed. 542. The petitioner, held on such a warrant, is entitled to have the issue of fact as to whether he is a fugitive from justice of the demanding state judicially tried and determined. *Cook* v. *Hart*, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934. Also open to judicial inquiry and review are the questions whether the person held in custody is the one charged in the warrant or in the requisition papers, and whether the requisition papers have been withdrawn. The guilt or innocence of the accused may not be inquired into except to the extent that it is material in identifying the person held as the person charged with the crime." *Russell* v. *Smith, Warden,* 127 Vt. 225, 227, 245 A.2d 563 (1968).

The only claim made by the plaintiff in respect to the executive warrant served upon him is that it did not recite substantially any facts necessary to the validity of the issuance of the warrant, nor was the plaintiff presented with evidence of affidavit or other evidence substantiating said warrant. The plaintiff presented no evidence in the *habeas corpus* proceeding before the Windsor County Court in support of this assertion.

The lower court found that the plaintiff had been identified as the person named in the executive warrant, and also found that the petitioner had been indicted in the State of New York for burglary in the third degree and petit larceny. No exception was taken, or briefed, to such findings.

The executive warrant, on its face, states that the representation and demand from the Governor of New York to the Governor of Vermont was accompanied by papers required by the Constitution and laws of the United States and which were certified as authentic by the Governor of the State of New York. Nowhere has it been made to appear that the requisition papers have been withdrawn, nor does the plaintiff so assert.

The ultimate findings of fact by the Windsor County Court was that it was unable to find that the petitioner is now restrained, imprisoned or deprived of his liberty contrary to the laws of Vermont, the Constitution of Vermont and of the United States. Such finding is supported by the other findings

of fact made by the lower court and to which exceptions were not briefed by the plaintiff.

*Judgment affirmed.*