ROBERT C. GLAVIN *v.* WARDEN, CONNECTICUT STATE
PRISON

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued June 9—decided July 12, 1972

*Gerald P. Dwyer,* for the appellant (plaintiff).

*Jerrold H. Barnett,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (defendant).

SHAPIRO, J. The plaintiff has appealed from a judgment dismissing his application for a writ of habeas corpus by which he sought to test the legality of his arrest, which had been authorized by a warrant issued by the governor of this state pursuant to General Statutes § 54-163. See General Statutes § 54-164. The warrant had been issued in response to a written demand for the plaintiff's extradition to Massachusetts made by that state's executive authority under provisions of the Uniform Criminal Extradition Act.[1] See General Statutes §§ 54-158, 54-163.

Underlying the plaintiff's first claim of error is the assertion that the governor of Connecticut lacked the requisite probable cause to issue the arrest warrant of July 20, 1970. In *Ross* v. *Hegstrom,* 157 Conn. 403, 410, 254 A.2d 556, we observed that probable cause to find that a person sought to be extradited is a fugitive from justice in the demanding

---

[1] In *Bloom* v. *Lundburg,* 149 Conn. 67, 70, 175 A.2d 568, cert. denied, 369 U.S. 819, 82 S. Ct. 831, 7 L. Ed. 2d 785, we observed that "[a]rticle IV, § 2, of the United States constitution provides that a 'Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.' To implement the operation of this provision and to provide for its execution, Congress has enacted an extradition statute. 18 U.S.C. § 3182. In 1957, Connecticut adopted the Uniform Criminal Extradition Act. General Statutes §§ 54-157—54-185. The purpose of the act is to make uniform the law of those states which enact it. It also codifies the procedural features relating to extradition and serves to expedite the execution of both the constitutional provision and the federal law. *Cook* v. *Rodger,* 215 Ind. 500, 501, 20 N.E.2d 933."

state is a condition precedent to valid extradition. "[A] governor has no jurisdiction to issue a warrant for the return to a demanding state of a person charged with a crime unless there is probable cause that the person is a fugitive from justice." *Stenz* v. *Sandstrom,* 143 Conn. 72, 75, 118 A.2d 900.

In *Moulthrope* v. *Matus,* 139 Conn. 272, 275, 93 A.2d 149, cert. denied, 345 U.S. 926, 73 S. Ct. 785, 97 L. Ed. 1357, we said that "[a]n application to the governor for a warrant of extradition presents the twofold question whether the person demanded has been substantially charged with a crime against the laws of the state where he is wanted and whether he is a fugitive from justice from that state. *Ross* v. *Crofutt,* 84 Conn. 370, 373, 80 A. 90." See also General Statutes § 54-159; *Reynolds* v. *Conway,* 161 Conn. 329, 333, 288 A.2d 77; *Ross* v. *Hegstrom,* supra, 411. The plaintiff does not question the fact that he is charged with an offense against the laws of the demanding state as stated in the indictment and warrant which accompanied the rendition demand. The plaintiff attacks the second aspect of the question, i.e., whether he was a fugitive from justice from Massachusetts.

In *Reynolds* v. *Conway,* supra, 334, we held that "[t]he inquiry whether or not the plaintiff is a fugitive from justice is one of fact, to be resolved by the chief executive of the state to whom demand for extradition is made, and his judgment thereon is not subject to judicial impeachment by habeas corpus unless it conclusively appears that the person sought to be extradited could not be a fugitive from justice under the law. *South Carolina* v. *Bailey,* 289 U.S. 412, 53 S. Ct. 667, 77 L. Ed. 1292; *Munsey* v. *Clough,* . . . [196 U.S. 364, 372, 375, 25 S. Ct. 282, 49 L. Ed. 515]; *Brewer* v. *Goff,* 138 F.2d 710, 712 (10th Cir.);

*Ross* v. *Hegstrom,* 157 Conn. 403, 411, 254 A.2d 556; *Moulthrope* v. *Matus,* 139 Conn. 272, 275, 93 A.2d 149, cert. denied, 345 U.S. 926, 73 S. Ct. 785, 97 L. Ed. 1357; 31 Am. Jur. 2d, Extradition, § 62. Pursuant to the authorities cited above, the plaintiff in order to defeat the prima facie case made by the governor's warrant of extradition must prove conclusively that he is not a fugitive from the demanding state."

The plaintiff contends that the affidavits, dated January 9, 1970, which accompanied the Massachusetts request for rendition and which aided this state's governor in his determination of probable cause, were false. These affidavits each stated that the accused, then being held in Connecticut, was a fugitive from justice. The plaintiff argues that since the ninety-day period in which he was committed to jail awaiting arrest under a warrant of the governor of this state had expired on January 6, 1970, the plaintiff was not in fact a fugitive as of January 9, 1970.[2] We cannot agree.

[2] Under the Uniform Criminal Extradition Act, which has been adopted by Connecticut, a fugitive from another state may be arrested pursuant to a rendition warrant issued by the governor under General Statutes § 54-163, but under General Statutes § 54-166, before he can be turned over to the demanding state, he must be brought before a court having criminal jurisdiction, where he may challenge the legality of his arrest. Before the completion of extradition proceedings by the demanding state and the issuance of a rendition warrant by the governor, an accused person may be arrested pursuant to General Statutes §§ 54-169 and 54-170. When he has been arrested under either of these provisions, General Statutes § 54-171 provides that the judge before whom he is brought shall, on finding that he is in fact the person charged and that he has fled from justice, commit him to jail for such time, not exceeding thirty days, as will enable arrest to be made pursuant to a governor's warrant, unless he furnishes bail as provided in General Statutes § 54-172. Under General Statutes § 54-173, where an accused is not arrested under a warrant of the governor and the thirty-day period provided by General Statutes § 54-171 has expired, he may be recommitted or his bail extended for a period not to exceed sixty days.

In *People ex rel. Gummow* v. *Larson,* 35 Ill. 2d 280, 282, 220 N.E.2d 165, the court stated: "We believe . . . [that the plaintiff] misapprehends the statutory plan. The purpose of these sections is to prevent unreasonably lengthy periods of confinement of fugitives pending consummation of extradition proceedings by the demanding State. (Cf. *Lott* v. *Heyd* (5th Cir.), 315 F.2d 350; *Bolton* v. *Timmerman,* 233 S.C. 429, 105 S.E.2d 518.) There is, however, no indication of any legislative intent to restrict the period within which the Governor of Illinois may issue his rendition warrant to the period within which the court which issues the fugitive warrant may commit the accused or require him to give bond." See also *Shields* v. *State,* 257 Md. 384, 263 A.2d 565; *State ex rel. Brown* v. *Hedman,* 280 Minn. 69, 157 N.W.2d 756; *In re Bryant,* 129 Vt. 302, 306, 276 A.2d 628. The *Hedman* case is relied on by the plaintiff in support of his contention that after ninety days he is "free to go." This contention is doubtless true in that he is no longer confined, but it is the next sentence of this case, not quoted by the plaintiff, which disposes of his argument. It states (p. 71) that: "However, had he stayed in the State of Minnesota, there was nothing to prevent him from being rearrested upon a rendition warrant issued by the governor when extradition proceedings had been completed by the demanding state. . . . There is nothing in our extradition law limiting the time within which the demanding state may complete extradition proceedings."

We conclude that despite his discharge from jail, the plaintiff remained a fugitive from justice within the meaning of the federal constitution and the statutes permitting extradition from one state to another of a person charged with a crime. " 'A person

charged by indictment or by affidavit before a magistrate with the commission within a State of a crime covered by its laws, and who, after the date of the commission of such crime leaves the State—no matter for what purpose or with what motive, nor under what belief—becomes, from the time of such leaving, and within the meaning of the Constitution and the laws of the United States, a fugitive from justice, and if found in another State must be delivered up by the Governor of such State to the State whose laws are alleged to have been violated, on the production of such indictment or affidavit, certified as authentic by the Governor of the State from which the accused departed. Such is the command of the supreme law of the land, which may not be disregarded by any State.' *Appleyard* v. *Massachusetts,* 203 U.S. 222, 227, 27 S. Ct. 122, 51 L. Ed. 161; *Lee Won Sing* v. *Cottone,* 123 F.2d 169, 172, 74 App. D.C. 374; *Barrett* v. *Bigger,* 17 F.2d 669, 670, cert. denied, 274 U.S. 752, 47 S. Ct. 765, 71 L. Ed. 1333." *Moulthrope* v. *Matus,* 139 Conn. 272, 275, 93 A.2d 149, cert. denied, 345 U.S. 926, 73 S. Ct. 785, 97 L. Ed. 1357; see *Strassheim* v. *Daily,* 221 U.S. 280, 285, 31 S. Ct. 558, 55 L. Ed. 735; *Ross* v. *Hegstrom,* 157 Conn. 403, 411-12, 254 A.2d 556; *Stenz* v. *Sandstrom,* 143 Conn. 72, 75, 118 A.2d 900; *Taft* v. *Lord,* 92 Conn. 539, 542, 103 A. 644; Uniform Criminal Extradition Act § 10, notes 11, 14, 17 and cases cited, 9 U.L.A. (1957); see also § 54-177 of the General Statutes, which provides that the governor may recall his warrant of arrest or may issue another warrant "whenever he deems proper."

The plaintiff also claims that the affidavits were based on inadmissible hearsay and inadmissible evidence and that therefore the governor lacked probable cause to issue his warrant.

The governor was not exercising a judicial but an executive function. *Farrell* v. *Hawley*, 78 Conn. 150, 153, 61 A. 502. The governor is not bound by strict common-law evidence. The statute does not provide for the particular kind of evidence to be produced before him. *Reynolds* v. *Conway*, 161 Conn. 329, 333, 288 A.2d 77. "Any mode of proof which to him might be satisfactory in kind and convincing in effect, and that had a reasonable tendency to establish the fact of a fleeing from justice, fulfilled all the requirements of law. *Roberts* v. *Reilly*, 116 U.S. 80, 95 [6 S. Ct. 291, 29 L. Ed. 544]." *Farrell* v. *Hawley*, supra.

The plaintiff next contends that the governor's warrant of July 20, 1970, "did not vitiate certain irregularities" which occurred pursuant to proceedings which arose under a prior arrest on a court-issued fugitive from justice warrant, which had issued pursuant to General Statutes § 54-169.

Section 54-166 of the General Statutes, under which this action arises, is designed to test by habeas corpus the legality of the prisoner's arrest under the governor's warrant. See *McPheters* v. *Pollard*, 146 Conn. 509, 511, 152 A.2d 632. We have concluded that there is no merit to the claims raised on this appeal as to the validity of the plaintiff's arrest and detention pursuant to the governor's warrant. "Where it appears that sufficient ground for detention exists, a prisoner will not be discharged for defects in the original arrest or commitment." *Stallings* v. *Splain*, 253 U.S. 339, 343, 40 S. Ct. 537, 64 L. Ed. 940. "The issuance of the Governor's warrant, and the detention of the plaintiff by virtue of his arrest under such warrant, was not made defective by any possible illegality in his previous detention." *In re Bryant*, 129 Vt. 302, 306, 276 A.2d 628; *Luker* v. *Koch*, 176 Colo. 75, 489 P.2d 191.

" 'It is too late to question the validity of the preliminary arrest after he has been arrested by the authority of the Governor's warrant.' *People* v. *Meyering,* 355 Ill. 456, 189 N.E. 494." *In re Bryant,* supra, 305. "[T]he legality or illegality of the [prior] fugitive warrant proceedings are moot since that warrant [had served its purpose and] became *functus officio* upon issuance and service of the rendition warrant." *People ex rel. Gummow* v. *Larson,* 35 Ill. 2d 280, 282, 220 N.E.2d 165; *Lott* v. *Heyd,* 315 F.2d 350 (5th Cir.); *State ex rel. Brown* v. *Hedman,* 280 Minn. 69, 157 N.W.2d 756; *Bursque* v. *Moore,* 26 Conn. Sup. 469, 227 A.2d 255.

There is no error.

In this opinion the other judges concurred.