STATE of Minnesota, Respondent,

v.

Yahya AKBAR, Appellant.

No. C2–87–1710.

Court of Appeals of Minnesota.

Feb. 23, 1988.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

C. Paul Jones, Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and NIERENGARTEN and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This appeal is from an order revoking probation, executing a previously stayed sentence, and denying appellant Yahya Akbar part of the jail credit he had sought for time spent in custody in Nebraska awaiting extradition to Minnesota. Akbar admitted the probation violation. We reverse the denial of jail credit.

## FACTS

Appellant Yahya Akbar was convicted in October 1984 of defeating security on personalty. *See* Minn.Stat. § 609.62, subd. 2(2) (1984). He was sentenced to a term of 17 months, execution stayed, and placed on probation.

On September 19, 1985, the trial court vacated Akbar's stay of execution, based on contentions he failed to make restitution and failed to inform his probation agent of his employment and residence. One year later, on September 17, 1986, Akbar was arrested in Nebraska on felony charges. A number of jurisdictions then began filing detainers on Akbar. These included Minnesota (for probation violation); Wisconsin (also for violations of probation); and Colorado, Oklahoma and Arizona.

Akbar was held in jail in Nebraska on the Nebraska charges until October 20, 1986, when those charges were dismissed. At that point, a fugitive-from-justice warrant was issued by Nebraska against Akbar based on the detainers which had been filed.

On November 7, 1986, while Akbar was being held on the fugitive-from-justice warrant, Minnesota served a governor's rendition warrant in extradition proceedings. Akbar unsuccessfully contested the extradition request, and was brought to Minnesota on May 19, 1987. Meanwhile, none of the other states filing detainers had initiated extradition proceedings.

Upon his return to Minnesota, Akbar admitted the probation violation and suspension of his sentence was revoked. Akbar was given credit for the period spent in a Minnesota jail awaiting revocation. The court also gave appellant credit for time served from his 1984 arrest until his release on November 19, 1984. The court denied jail credit for all other periods, including the time served from dismissal of Nebraska charges (October 20, 1986) until extradition to Minnesota (May 19, 1987).

## ISSUE

Is appellant entitled to jail credit for time spent in custody in Nebraska after the Nebraska charges were dismissed?

## ANALYSIS

Jail credit is to be awarded for "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Minn.R.Crim.P. 27.03, subd. 4(B). The defendant bears the burden of establishing he is entitled to jail credit for any specific period of time. *State v. Willis,* 376 N.W.2d 427, 428 n. 1 (Minn.1985).

For time spent in out-of-state incarceration, credit is not allowed unless the incarceration is "solely in connection" with the Minnesota offense. *State v. Brown,* 348 N.W.2d 743, 748 (Minn.1984) (remand for determination whether part of the jail time in jail awaiting Minnesota extradition was spent in connection with an offense in custodial state). *See also Willis,* 376 N.W.2d at 429 (appellant arrested in Illinois on Illinois charges of which he was later acquitted).

Akbar concedes he is not entitled to jail credit for time spent in Nebraska before the Nebraska charges were dismissed. Therefore, the sole issue is the effect of the detainers filed by other states on the *Brown* standard that incarceration must be "solely in connection" with the Minnesota offense. This issue did not arise in *Brown* or *Willis.*

An out-of-state detainer can trigger the execution of a fugitive-from-justice warrant. *See* Minn.Stat. § 629.16 (1986); Unif. Criminal Extradition Act § 15, 11 U.L.A. 255 (1936). A person can be held for 30 days on a fugitive-from-justice warrant, with the possibility of an extension for another 60 days. Minn.Stat. § 629.17; Unif. Criminal Extradition Act § 17, 11 U.L.A. 262. The purpose of the fugitive-from-justice warrant is to support incarceration pending extradition. *See* Unif. Criminal Extradition Act. § 15; *State ex rel. Brown v. Hedman,* 280 Minn. 69, 71, 157 N.W.2d 756, 757 (1968) (purpose of 30-day time limit is to prevent prolonged confinement pending completion of extradition proceedings).

Once charges in the holding state have been dismissed, a detainer is not sufficient to support the continued incarceration of a prisoner without the fugitive-from-justice warrant. The United States Supreme Court has stated the following regarding detainers:

Rather than requiring the immediate presence of the prisoner, a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison. Further action must be taken by the receiving State in order to obtain the prisoner.

*United States v. Mauro,* 436 U.S. 340, 358, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978). A detainer is unlike an extradition warrant, which is a demand for immediate custody. *See State ex rel. Bailey v. Shepard,* 584 F.2d 858, 862 (8th Cir.1978).

Once Minnesota issued its extradition warrant, the fugitive-from-justice warrant had no further utility. *See State ex rel. Brown v. Hedman,* 280 Minn. at 71–72, 157 N.W.2d at 757 (once rendition warrant has issued, prior proceedings for detaining the accused have served their purpose); *see also State ex rel. Wells v. Hanley,* 250 Wis. 374, 27 N.W.2d 373, 374 (1947) (function of "fugitive warrant" is to detain accused pending institution of extradition proceedings). Akbar's custody was "solely in connection" with the Minnesota probation violation following November 7, 1986, when the extradition warrant issued.

The state contends Akbar is required to show the detainers against him expired or would have been allowed to expire by the demanding states. Apart from the almost insurmountable burden this would place on a defendant, we note Minnesota has entered into the Interstate Agreement on Detainers, whose purpose is "to encourage the expeditious and orderly disposition" of detainers. Minn.Stat. § 629.294, subd. 1 (1986). It is contrary to this policy to deny months of jail credit based on detainers

which simply stand unresolved, without any request for extradition. *See generally United States v. Mauro*, 436 U.S. at 360, 98 S.Ct. at 1847 (detailing the concerns about unresolved detainers and their effects on prisoners which prompted the Interstate Agreement).

We believe the conclusion here does not conflict with the supreme court's treatment of intrastate "holds". In *State v. Dulski*, 363 N.W.2d 307, 309-10 (Minn.1985), the court held that a defendant jailed in one county on pending charges is incarcerated "partly 'in connection with'" a charge in another county which has placed a hold on him, but only so long as the county with custody holds concurrently with the sentence of the demanding county. *See also State v. Patricelli*, 357 N.W.2d 89 (Minn. 1984). Neither *Dulski* nor *Patricelli*, however, dealt with the effect of detention once the holding jurisdiction has dismissed charges, and neither case addresses the nature and effect of detainers for authorities in other states.

### DECISION

Appellant is entitled to jail credit for time spent incarcerated in Nebraska following the issuance of the rendition warrant on November 7, 1986.