304 S.E.2d 688

**Laverne Stanley BRIGHTMAN**

v.

**Carl W. WITHROW, Sheriff, etc.**

**No. 15834.**

Supreme Court of Appeals of
West Virginia.

June 29, 1983.

Jennifer F. Bailey, Hamb, Poffenbarger & Williams, Charleston, for petitioner.

Frances W. McCoy, Asst. Pros. Atty., Charleston, for respondent.

MILLER, Justice:

The relator, Laverne Stanley Brightman, contends in this habeas corpus proceeding that he is illegally incarcerated in the Kanawha County Jail under the provisions of the West Virginia Code relating to extradition, W.Va.Code, 5–1–7 *et seq.* The relator argues that because he was not arrested on the Governor's warrant for his extradition ninety days after he was originally arrested and detained on a fugitive warrant, the State is barred from proceeding further on the extradition. We disagree.

On November 18, 1982, the relator was incarcerated in the Kanawha County Jail under a fugitive warrant charging that he was a fugitive from justice from Pinellas County, Florida. On November 22, 1982, he was taken before the Circuit Court of Kanawha County. The circuit court, on that day, ordered that he be confined in the Kanawha County jail for ninety days to allow time for his arrest under a rendition or extradition warrant from the Governor of the State of West Virginia on requisition of the executive authority of the State of Florida. The ninety-day period expired on February 16, 1983, and at that time a Governor's rendition warrant for the extradition of the relator had not been issued.

On February 23, 1983, he filed a petition for a writ of habeas corpus with the circuit court to secure his release from confinement on the basis that W.Va.Code, 5–1–9, only authorizes confinement for ninety days pending an arrest on the Governor's warrant. A hearing was set on the petition for February 24, 1983. At the time of the filing of the habeas corpus petition, the Governor's warrant for the rendition of the relator had not been issued. After the filing of the petition, but before the hearing, such a warrant was issued.

At the February 24, 1983, hearing the circuit court concluded that the relator was entitled to be released from custody and so ordered. Immediately following the hearing a deputy sheriff who had received the rendition warrant from the Governor's office that morning, rearrested the relator and immediately took him back into the courtroom to answer the warrant.

The relator moved to quash the Governor's warrant on the ground that the warrant had not been timely issued by the Governor. His position was that since the Governor's warrant had not been issued within ninety days after his initial arrest and since he was released on habeas corpus after he had been held more than ninety days, the State was precluded from rearresting him. Subsequently, on February 25, 1983, he filed a petition for a writ of habeas corpus to secure his release on the same ground. The court conducted a hearing on February 25, 1983, and concluded that the relator was not entitled to release. It is from this ruling that he appeals.[1]

We along with a number of other states have adopted the provisions of the Uniform

---

1. While the relator has filed a petition for habeas corpus in this Court styling it as an original petition, we treat it as an appeal since the matters were initially decided by the circuit court.

Criminal Extradition Act.[2] Under this Act, there are two ways in which a fugitive may be arrested in this State. The first is by the Governor's warrant of arrest under W.Va.Code, 5–1–8(a).[3] The Governor's warrant is issued based upon papers issued from the demanding state which must comply with the provisions of W.Va.Code, 5–1–7.

A second method for arresting a fugitive in this State is under the provisions of W.Va.Code, 5–1–9(d) and (e). Under subsection (d) if a credible person makes an affidavit before a judge or magistrate that a person is a fugitive, a warrant for his arrest may issue.[4] Under subsection (e), a peace officer or private person may arrest without a warrant, upon reasonable infor-mation that the accused is charged with a crime in another state punishable by death or imprisonment exceeding one year.[5]

Whenever a person is arrested under the provisions of W.Va.Code, 5–1–9(d) and (e), and brought before a judge or magistrate, he is committed to jail for a period not to exceed thirty days so that he may be held pending the receipt of and his arrest on the Governor's warrant. The provisions of W.Va.Code, 5–1–9(f), make this clear.[6] According to the provisions of W.Va.Code, 5–1–9(h), if the Governor's warrant has not been executed within the period of his initial confinement under subdivision (f), the committing judge has several options. He may discharge him, recommit him for a period of sixty days, or place him on bail

2. While our statute contains some minor variations from the 1936 Uniform Criminal Extradition Act, these variations are not germane to the issue in this case. 11 U.L.A. 59 (West ed. 1978).

3. W.Va.Code, 5–1–8(a), provides:

"If the governor decides that the demand should be complied with, he shall sign a warrant of arrest which shall be sealed by the secretary of state with the great seal of this State, and be directed by the governor to any peace officer or other person whom he may think fit to entrust with the execution thereof. The warrant must substantially recite the facts necessary to the validity of its issuance."

4. W.Va.Code, 5–1–9(d), in material part, provides:

"Whenever any person within this State shall be charged on the oath of any credible person before any judge or justice of this State with the commission of any crime in any other state and ... with having fled from justice, or with having been convicted of a crime in that state and having escaped from confinement, or having broken the terms of his bail, probation or parole, or whenever complaint shall have been made before any judge or justice in this State setting forth on the affidavit of any credible person in another state that a crime has been committed in such state and that the accused has been charged in such state with the commission of the crime, and ... has fled from justice, or with having been convicted of a crime in that state and having escaped from confinement, or having broken the terms of his bail, probation or parole, and is believed to be in this State, the judge or justice shall issue a warrant directed to any peace officer commanding him to ap-prehend the person named therein, wherever he may be found in this State."

5. The language of W.Va.Code, 5–1–9(e), is:

"The arrest of a person may be lawfully made also by any peace officer or a private person, without a warrant, upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or by imprisonment for a term exceeding one year, but when so arrested the accused must be taken before a judge or justice with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest as in the preceding section [subsection (d) of this section]; and thereafter his answer shall be heard as if he had been arrested on a warrant."

6. W.Va.Code, 5–1–9(f), states:

"If from the examination before the judge or justice it appears that the person held is the person charged with having committed the crime alleged and, except in cases arising under subdivision (g), section seven [§ 5–1–7] of this article, that he has fled from justice, the judge or justice must, by a warrant reciting the accusation, commit him to the county jail for such a time not exceeding thirty days, and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in subdivision (g) of this section, or until he shall be legally discharged."

Additionally, under the provisions of W.Va. Code, 5–1–9(g), the accused may be admitted to bail unless the offense is "punishable by death or life imprisonment under the laws of the state in which it was committed."

for sixty days.[7]

■ It is not disputed in this case that the relator's original arrest was not by virtue of a Governor's warrant. Nor is it disputed that at the end of the ninety-day period, he was entitled to be released from confinement because the Governor's warrant had not been served upon him. What is at issue is whether after the ninety-day period, he could be arrested on the Governor's warrant and held for further extradition proceedings.[8]

We have not had occasion to speak to this precise issue. However, in other jurisdictions that have similar extradition statutes, courts have uniformly held that a Governor's rendition warrant may be served after the initial ninety-day period and the accused may then be held for completion of the extradition procedure. *E.g., Massey v. Wilson,* 199 Colo. 121, 605 P.2d 469 (1980); *Batton v. Griffin,* 240 Ga. 450, 241 S.E.2d 201 (1978); *Application of Simpson,* 2 Kan.App.2d 713, 586 P.2d 1389 (1978); *In re Maldonado,* 364 Mass. 359, 304 N.E.2d 419 (1973); *Commonwealth ex rel. McCaine v. Gedney,* 237 Pa.Super. 499, 352 A.2d 72 (1975).

■ The purpose of the ninety-day detention period where an arrest is made on a fugitive warrant is twofold. First, it provides a reasonable time to procure the necessary papers for preparation and execution of the Governor's warrant. Second, the ninety-day period is designed to prevent an unreasonable period of preliminary detention awaiting the Governor's rendition warrant. The fact that the fugitive is released from detention under a fugitive warrant does not destroy the statutory authority to arrest him on the Governor's warrant.

This point was addressed in *Glavin v. Warden, State Prison,* 163 Conn. 394, 398, 311 A.2d 86, 88 (1972), where the accused was served outside the ninety-day period with a Governor's warrant, and the court, quoted from *People ex rel. Gummow v. Larson,* 35 Ill.2d 280, 282, 220 N.E.2d 165, 167 (1966):

" 'We believe ... [that the plaintiff] misapprehends the statutory plan. The purpose of these sections of the extradition law is to prevent unreasonably lengthy periods of confinement of fugitives pending consummation of extradition proceedings by the demanding State. (Cf. *Loft v. Heyd* (5th Cir.), 315 F.2d 350; *Bolton v. Timmerman,* 233 S.C. 429, 105 S.E.2d 518). There is, however, no indication of any legislative intent to restrict the period within which the Governor of Illinois may issue his rendition warrant to the period within which the court which issues the fugitive warrant may commit the accused or require him to give bond.' See also *Shields v. State,* 257 Md. 384, 263 A.2d 565; *State ex rel. Brown v. Hedman,* 280 Minn. 69, 157 N.W.2d 756; *In re Bryant,* 129 Vt. 302, 306, 276 A.2d 628."

Much the same reasoning was used in *Bell v. Janing,* 188 Neb. 690, 692, 199 N.W.2d 24, 25 (1972), where the court commented:

"It is clear that the cited sections of the Uniform Criminal Extradition Act are to prevent an unreasonably lengthy period of confinement of fugitives pending consummation of extradition proceedings by the demanding state. It is clear that they are entitled to the writ of habeas corpus to enforce the provisions of these sections of the statute. It is even more

7. W.Va.Code, 5–1–9(h), provides:
"If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge or justice may discharge him or may recommit him for a further period not to exceed sixty days, or a judge or justice may again take bail for his appearance and surrender as provided in subdivision (g) of this section, but within a period not to exceed sixty days after the date of such new bond."

8. Once an arrest is made under the Governor's warrant, the accused is entitled under W.Va.

Code, 5–1–9(a), to a hearing and appointment of counsel. At such hearing he may test "whether the extradition papers are in proper form; whether there is a criminal charge pending in the demanding state; whether the petitioner was present in the demanding state at the time the criminal offense was committed; and whether the petitioner is the person named in the extradition papers." Syllabus Point 1, in part, *State ex rel. Gonzales v. Wilt,* 163 W.Va. 270, 256 S.E.2d 15 (1979).

clear, however, that there is no indication, either under the Constitution of the United States or of any legislative intent to restrict the period within which a sister state may issue a rendition warrant to apprehend a fugitive and to make him respond to criminal proceedings in the sister state. There is no merit to the appellant's contention."

We are persuaded by these authorities that under the provisions of W.Va. Code, 5-1-9, a fugitive incarcerated under a fugitive warrant in this State is entitled to release from custody after ninety days unless the Governor's extradition warrant has been issued and executed. However, upon his release such person remains a fugitive subject to rearrest on the Governor's warrant if he remains within this State.

The circuit court was correct in finding that the relator was entitled to release from custody when the ninety-day period expired on February 16, 1980. However, the circuit court was also correct in determining that the State could properly arrest him on the Governor's warrant and, therefore, his present confinement is not illegal. For the reasons stated, the rulings of the Circuit Court of Kanawha County are affirmed.

Affirmed.