# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert Prokop,**
**Plaintiff Below, Petitioner**

**vs) No. 13-1203** (Mercer County 13-P-CR-311)

**Michael Francis, Administrator, Southern Regional Jail,**
**Respondent Below, Respondent**

**FILED**

February 6, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Prokop, by counsel Joseph T. Harvey, appeals the order of the Circuit Court of Mercer County, entered September 25, 2013, that denied his petition for writ of habeas corpus and ordered that he be extradited to the State of Missouri to face charges of criminal non-payment of child support. Respondent Michael Francis, the Administrator of the Southern Regional Jail, by counsel Christopher S. Dodrill, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 22, 2013, petitioner was arraigned in the Magistrate Court of Mercer County, West Virginia, on two charges: first, for being a fugitive from justice from criminal charges pending against him in the State of Missouri; second, for being a felon in possession of a firearm in violation of West Virginia Code § 61-7-7.

At a May 16, 2013, hearing on those charges, the State told the circuit court that it intended to ask the magistrate court to dismiss the felon in possession of a firearm charge against petitioner. Petitioner then informed the circuit court that he would not waive extradition; petitioner also sought bond. The circuit court denied bond and set a hearing on the extradition proceeding for June 12, 2013. At that hearing, the circuit court granted the State's motion for a sixty-day extension and scheduled the matter for hearing on August 5, 2013.

On June 6, 2013, an assistant prosecuting attorney for Buchanan County, Missouri, sent Missouri's governor an application for requisition which stated, in part: "[T]he accused was not personally present in [Missouri] at the time of the commission of the crime, and upon information and belief has taken refuge and is currently present in the State of West Virginia." In response, the Governor of Missouri signed a requisition demand and agent authorization on July 8, 2013, which stated:

1

WHEREAS, the Governor of the State of Missouri has by a Requisition Demanded of the Governor the body of ROBERT CARL PROKOP, and has represented that the accused is charged with a crime in said State, and that the said accused has taken refuge within the State of West Virginia; and,

WHEREAS, it appears from papers accompanying said Requisition, therein certified to be duly authenticated according to the laws of said State, the said accused stands charged with the crime of Criminal Non-Support, in the County of Buchanan, in said State of Missouri.

The application for requisition, the requisition demand, and the agent authorization were tendered to West Virginia's Governor along with the following Missouri documents: a duplicate of a warrant for arrest; a felony complaint; a probable cause statement; an affidavit signed by petitioner's ex-wife identifying an attached photograph to be that of "Robert Carl Prokop"; authenticated judicial records regarding "Robert Prokop's" child support obligation and payments thereon; and an affidavit of the exhaustion of civil remedies in Missouri. In this last document, an assistant prosecuting attorney for Buchanan County, Missouri, certified that

all civil remedies for enforcing the child support order against the defendant, Robert Carl Prokop, have been attempted and exhausted. That attempting civil remedies for enforcing the child support order against the Defendant, Robert Carl Prokop, would be futile. Therefore, our office has filed *criminal* non-support charges against the defendant, and requests that the defendant be brought back to our jurisdiction to face these pending charges.

(Emphasis added.)

The extradition coordinator in the Office of the Governor of West Virginia received the Missouri documents and tendered them along with the Governor of West Virginia's rendition warrant to the Sheriff of Mercer County, West Virginia, by letter dated July 22, 2013.

On August 5, 2013 the Circuit Court of Mercer County dismissed the fugitive proceedings based on its belief that the rendition warrant had not been obtained. The circuit court then ordered that petitioner be released from custody. Petitioner was taken to the sheriff's department and was awaiting his personal belongings from the Southern Regional Jail when the prosecuting attorney's office learned the extradition warrant had been obtained by the sheriff. Petitioner was forthwith re-arrested and returned to the Southern Regional Jail. Petitioner was officially served with the rendition warrant on August 7, 2013.

Petitioner filed a petition for writ of habeas corpus on August 16, 2013. At the September 10, 2013, hearing on the habeas petition, a West Virginia police officer identified petitioner by name, address, social security number, date of birth, gender, race, weight, and height. All of this information matched the information contained within the Missouri arrest warrant describing "Robert Carl Prokop" with one exception. In the arrest warrant, "Robert Carl Prokop" was described as six feet, six inches tall; however, petitioner later entered evidence showing that he is only six feet, two inches in height.

2

By order entered September 25, 2013, the circuit court concluded that "the extradition papers are in proper form, that there is a criminal charge pending in Missouri, and that petitioner [] is the person named in the extradition documents." The circuit court then denied petitioner's petition for writ of habeas corpus with prejudice and ordered petitioner deliverable to the State of Missouri within ten days. However, on September 27, 2013, the circuit court granted petitioner's motion for a stay of enforcement and execution of its order pending his appeal to this Court.

Petitioner now appeals the circuit court's order denying his petition for writ of habeas corpus.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner raises five assignments of error on appeal. Petitioner first argues that the circuit court should have granted his habeas petition because it was undisputed that he was not present in Missouri when the alleged crime was committed. In support of this argument, petitioner cites to Syllabus Point 1 of *In re the Extradition of Andrew Chandler*, 207 W.Va. 520, 534 S.E.2d 385 (2000), in which we said,

> "'In habeas corpus proceedings instituted to determine the validity of custody where petitioners are being held in connection with extradition proceedings, the asylum state is limited to considering whether the extradition papers are in proper form; whether there is a criminal charge pending in the demanding state; *whether the petitioner was present in the demanding state at the time the criminal offense was committed*; and whether the petitioner is the person named in the extradition papers.' Point 2, Syllabus, *State ex rel. Mitchell v. Allen*, 155 W.Va. 530, 185 S.E.2d 355 (1971)." Syllabus Point 1, *State ex rel. Gonzales v. Wilt*, 163 W.Va. 270, 256 S.E.2d 15 (1979).

(Emphasis added).

West Virginia Code § 5-1-7(g) provides that the governor may surrender any person who is charged with "committing an act in [West Virginia] . . . intentionally resulting in a crime in the state whose executive authority is making the demand . . . even though the accused was *not in that state at the time of the commission of the crime*, and has not fled therefrom." (Emphasis added.) Similarly, in this case, petitioner is charged with committing the criminal act of failing to pay child support pursuant to a Missouri court order while in West Virginia. Therefore, pursuant to West Virginia Code § 5-1-7(g), it is irrelevant that petitioner was not in Missouri at the time of his alleged crime. As such, the circuit court did not err in denying habeas relief in regard to this assignment of error.

Petitioner next argues that the circuit court should have granted his habeas petition because the West Virginia rendition warrant did not substantially recite the facts necessary to sustain its validity in violation of West Virginia Code § 5-1-8(a) ("The warrant must substantially recite the facts necessary to the validity of its issuance."). Specifically, petitioner contends that the rendition warrant was invalid because it failed to state that petitioner committed a Missouri crime while he was in West Virginia. Petitioner also argues that the rendition warrant was invalid because it wrongfully states that petitioner "has taken refuge within the State of West Virginia." Petitioner avers that he was a resident of West Virginia for the entire period of time during which the alleged crime occurred and, therefore, he never left Missouri to seek refuge in this State.

This Court has said that West Virginia Code § 5-1-8(a) is satisfied if the warrant "contains a statement that gives the person sought to be extradited reasonable notice of the nature of the crime charged in the demanding state[.]" Syl. Pt. 2, in part, *Cronauer v. State*, 174 W.Va. 91, 322 S.E.2d 862 (1984). Here, the State of West Virginia employed a form warrant that identified the person sought, the name of the complainant, the state and county where the person was charged, and the crime charged. As such, there was sufficient evidence for the circuit court to reasonably determine that the rendition warrant met the *Cronauer* "reasonable notice" requirement. As for petitioner's claim that the rendition warrant is invalid because it states that he "has taken refuge within the State of West Virginia," as we noted above, the Governor may surrender any person in this state charged with "committing an act in this state . . . intentionally resulting in a crime in the state whose executive authority is making the demand . . . *even though the accused . . . has not fled therefrom.*" W.Va. Code § 5-1-7(g) (emphasis added). Thus, whether or not petitioner fled from Missouri to West Virginia does not impact the validity of the rendition warrant in this case. Hence, we find no error by the circuit court on this point.

Petitioner's third assignment of error is that the State of West Virginia failed to prove that the person appearing before the circuit court was the same "Robert Carl Prokop" charged with the crime of failing to pay child support in Missouri. Petitioner cites to the difference in his actual height (six foot, two inches) from the height of the "Robert Carl Prokop" sought by Missouri (six foot, six inches) as proof that the State failed to make its case. Petitioner also argues that the State failed to meet its burden of proof because no live witness from Missouri appeared to identify him as the "Robert Carl Prokop" sought by the State of Missouri. Finally, petitioner claims that he was prejudiced at the evidentiary hearing in this matter because he was not able to cross-examine his ex-wife who signed an affidavit stating that the picture attached to the Missouri documents was a picture of the "Robert Carl Prokop" sought by the State of Missouri.

At petitioner's evidentiary hearing below, the State provided evidence that petitioner matched the "Robert Carl Prokop" described in the Missouri arrest warrant as to name, address, social security number, date of birth, gender, race, and weight. Given the sufficiency of this evidence, we cannot say that the circuit court erred in finding that petitioner was the same "Robert Carl Prokop" sought by the State of Missouri. In regard to the disparity between petitioner's actual height (6'2") and that noted on the arrest warrant for "Robert Carl Prokop" (6'6"), that discrepancy was insufficient to negate all of the other evidence presented in this case. As for petitioner's claim that he was prejudiced by the State's alleged failure to provide a

4

"live witness" from the State of Missouri, petitioner cites to no law requiring such a witness. As for petitioner's ex-wife's affidavit regarding the photograph of "Robert Carl Prokop," petitioner failed to object to its admission at the evidentiary hearing in this matter. As such, any objection to the photograph has been waived. *See* Syl. Pt. 1, *Maples v. W.Va. Dept. of Commerce, Div. of Parks and Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996) ("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal.") Therefore, we find no error in regard to this assignment of error.

Petitioner next argues that the circuit court erred in denying his habeas petition because he was unlawfully incarcerated for one-hundred and five days (from April 22, 2013, until August 5, 2013) which is beyond the ninety-day limit allowed by law. In support of his argument, petitioner cites to Syllabus Point 1 of *State ex rel. Games-Neely v. Sanders*, 220 W.Va. 230, 641 S.E.2d 153 (2006), in which we said "[a] defendant incarcerated under a fugitive warrant in this State may not be held solely on that warrant for a period exceeding the aggregate of ninety days as provided for under W.Va. Code §§ 5–1–9(f) and (h) (2002) (Repl.Vol.2002)." However, in *Games-Neely*, we also said that the ninety-day period is tolled when the accused is held on charges in addition to the fugitive warrant. 220 W. Va. at 234, 641 S.E.2d at 157. Petitioner was incarcerated on April 22, 2013. On May 16, 2013, the prosecutor told the circuit court that it would ask the magistrate court to dismiss the firearms charge. During the twenty-four day period between April 22, 2013, and May 16, 2013, petitioner was being held on both the firearms charge and the fugitive warrant. Hence, in accordance with *Games-Neely*, the ninety-day period was tolled for those twenty-four days. As a result, petitioner's ninety-day period did not begin to run until May 16, 2013. Petitioner was released from custody on August 5, 2013, less than ninety days after May 16, 2013. Therefore, petitioner was not incarcerated on the fugitive warrant for more than ninety days. As such, we cannot say that the circuit court erred in denying habeas relief on this assignment of error.

All that said, even if petitioner had been incarcerated on the extradition warrant for more than ninety days, his release from incarceration on August 5, 2012, subjected him to lawful re-arrest pursuant to the rendition warrant, as follows:

> Under the provisions of W.Va. Code, 5-1-9, a fugitive incarcerated under a fugitive warrant in this State is entitled to release from custody after ninety days unless the Governor's extradition warrant has been issued and executed. *However, upon his release such person remains a fugitive subject to rearrest on the Governor's warrant if he remains within this State.*

Syl., *Brightman v. Withrow*, 172 W.Va. 235, 304 S.E.2d 688 (1983) (emphasis added). *Brightman* is factually similar to the instant case. In *Brightman*, the petitioner was arrested on a fugitive warrant that alleged he was a fugitive from Florida. The Circuit Court of Kanawha County ordered that Mr. Brightman be confined for ninety days pending the issuance of a rendition warrant. When the rendition warrant did not issue within ninety days later, Mr. Brightman was released from incarceration. However, immediately following the hearing at which the petitioner was ordered released, a deputy sheriff received the rendition warrant from the governor's office, and rearrested Mr. Brightman and returned him to the courtroom to answer the warrant. *Id.* at 237, 304 S.E.2d 690. In *Brightman*, this Court stated that

The purpose of the ninety-day detention period where an arrest is made on a fugitive warrant is twofold. First, it provides a reasonable time to procure the necessary papers for preparation and execution of the Governor's warrant. Second, the ninety-day period is designed to prevent an unreasonable period of preliminary detention awaiting the Governor's rendition warrant. The fact that the fugitive is released from detention under a fugitive warrant does not destroy the statutory authority to arrest him on the Governor's warrant.

*Id.* at 238, 304 S.E.2d 691-92 (emphasis added). In light of this Court's holdings in *Games-Neely* and *Brightman*, we find that petitioner is not entitled to relief on this assignment of error.

Petitioner's fifth and final assignment of error is that the State of Missouri is attempting to collect a civil debt. Specifically, petitioner argues that the purpose of the criminal charge is merely to compel the payment of child support which is a civil debt.

West Virginia Code § 5-1-7(b), precludes extradition for collection of a civil debt, as follows:

Subject to the provisions of this article, the provisions of the Constitution of the United States controlling, and any and all acts of Congress enacted in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state: *Provided, That the demand or application of the executive authority of such other state is accompanied by an affidavit or sworn evidence that the demand or application is made in good faith for the punishment of crime, and not for the purpose of collecting a debt or pecuniary mulct, or of removing the alleged fugitive to a foreign jurisdiction with a view to serve him there with civil process.*

(Emphasis added.) However, the evidence in this case shows that "Robert Carl Prokop" was charged with a criminal offense pursuant to Missouri Revised Statute § 568.040, which provides, in part, as follows:

1. A person commits the crime of nonsupport if he or she knowingly fails to provide adequate support for his or her spouse; a parent commits the crime of nonsupport if such parent knowingly fails to provide adequate support which such parent is legally obligated to provide for his or her child or stepchild who is not otherwise emancipated by operation of law.

As the circuit court noted in the order on appeal, "Failure to pay child support is a criminal act in the State of Missouri as it is in West Virginia, punishable by incarceration—it is not an attempt to collect a civil debt." We concur and, therefore, find no error.

Petitioner also claims that the State of Missouri failed to exhaust all civil remedies in petitioner's underlying child support case. In support of this argument, petitioner cites to West

Virginia Code §§ 48-16-601 to -615, which authorizes Missouri's child support enforcement authorities to register and enforce petitioner's Missouri child support order in West Virginia pursuant to the Uniform Interstate Family Support Act ("UIFSA"). Petitioner claims that Missouri started this process when it lodged a "Notice of Filing of Foreign Judgment from Missouri" in the family court file in West Virginia, but that the State of Missouri never lodged the actual Missouri child support order in that file. Therefore, petitioner contends that Missouri could not have sought to enforce that missing order under UIFSA and, as such, all civil remedies have not been exhausted in this case.

The circuit court addressed this claim, as well, when it said,

> Missouri's extradition documentation . . . includes a sworn affidavit under seal that it exhausted all civil remedies prior to instituting criminal charges. It is not for this [c]ourt to "look behind" the documents to determine that lawfulness of the charges.

We concur. As petitioner himself noted at the outset of his assignments of error,

> "'the asylum state is limited to considering whether the extradition papers are in proper form; whether there is a criminal charge pending in the demanding state; whether the petitioner was present in the demanding state at the time the criminal offense was committed; and whether the petitioner is the person named in the extradition papers.' Point 2, Syllabus, *State ex rel. Mitchell v. Allen*, 155 W.Va. 530, 185 S.E.2d 355 (1971)." Syllabus Point 1, *State ex rel. Gonzales v. Wilt*, 163 W.Va. 270, 256 S.E.2d 15 (1979).

Syl. Pt. 1, *Chandler*, 207 W.Va. at 521, 534 S.E.2d at 386. Therefore, the circuit court did not err in refusing to go beyond its lawful duties in this matter.

Finally, petitioner argues that Missouri Revised Statute § 568.040 is constitutionally defective because it improperly shifts the burden to the defendant to prove an inability to pay child support. Petitioner claims that the State should bear the burden of proof that a defendant has the ability to pay court-ordered child support. The circuit court addressed this claim by citing to Syllabus Point 3 of *Chandler*, in which we held that

> "The courts in an asylum state cannot determine constitutional questions with regard to crimes charged against fugitives in a demanding state in habeas corpus proceedings challenging the validity of extradition warrants. It is for the courts of the demanding state to determine such questions in the first instance." Syllabus Point 1, *State ex rel. Mitchell v. Allen*, 155 W.Va. 530, 185 S.E.2d 355 (1971).

*Id.* We concur with the circuit court's reasoning and, therefore, find that the circuit court did not err in refusing to consider the constitutionally of Missouri Revised Statute § 568.040.

For the foregoing reasons, we affirm the circuit court's September 25, 2013, order denying habeas relief.

Affirmed.

**ISSUED:** February 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

8