**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-1150** (Wood County 18-P-CR-22)

**Randall Beatty,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Randall Beatty, by counsel Reggie R. Bailey, appeals the October 15, 2019, and November 19, 2019, orders of the Circuit Court of Wood County which denied his petition for writ of habeas corpus, denied his motions to dismiss the extradition action, and ordered that petitioner be extradited to Athens County, Ohio. Respondent the State of West Virginia, by counsel Elizabeth Grant, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 8, 2013, petitioner was charged in Athens County, Ohio, with the felony offense of possession of heroin in violation of Ohio Revised Code § 2925.11(A). He was later indicted on this charge in the Athens County Common Pleas Court, Case No. 14CR0289. On July 10, 2014, the State of Ohio issued a Warrant to Arrest Nation-Wide Radius on the charge. At that time, petitioner was on home confinement, serving a criminal sentence in Wood County, West Virginia.[1] In August of 2014, petitioner was detained pursuant to a fugitive warrant in Wood County. He refused to waive extradition to Ohio, demanding an extradition hearing in circuit court.

Petitioner's case was docketed in the Circuit Court of Wood County as Case No. 14-P-CR-54. Following a hearing on September 3, 2014, the court ordered that petitioner be confined in the North Central Regional Jail for a term of thirty days, and, if necessary, an additional sixty days, to

---

[1] Petitioner had been convicted on a charge of second offense driving on a revoked license for DUI.

give the State of Ohio time to secure a Governor's warrant for petitioner's extradition. The court fixed petitioner's bail at $10,000.00, and petitioner posted bail on September 9, 2014.

On September 25, 2014, Ohio Governor John R. Kasich issued a requisition request to the Governor of West Virginia for the arrest and extradition of petitioner. The requisition request stated that petitioner "may now be found under either civil or criminal arrest in the custody of the Wood County Sheriff's Office." West Virginia Governor Earl Ray Tomblin then issued a Governor's warrant on October 27, 2015, directing the sheriff or peace officer of any county in the State to arrest petitioner.[2] Almost a year later, on August 26, 2016, the circuit court entered an order dismissing Case No. 14-P-CR-54, finding that "The State of West Virginia had pending charges which the Defendant has been sentenced on and is awaiting parole," and that "[i]t [] appears that the State of Ohio, County of Athens did not obtain a governor's warrant in the above-styled matter."[3] Thereafter, petitioner remained in West Virginia awaiting parole.

On September 12, 2016, petitioner was paroled into the custody of the sheriff's department of Athens County, Ohio, which then transported petitioner to Ohio.[4] Petitioner posted bail in Ohio and was released from custody on or about September 16, 2016. Upon his release, he returned to West Virginia, violated the terms of his parole, and was returned to the custody of the West Virginia Division of Corrections. He was detained at Pruntytown Correctional Center.[5]

On November 16, 2016, a second Warrant to Arrest Nationwide Radius ("the 2016 warrant") was issued in Ohio, which stated that "on or about November 6, 2016, at 3:00 p.m.,

---

[2] It is not clear from the appendix record why Governor Tomblin waited more than a year to issue the Governor's warrant. During a hearing in November of 2019, the Circuit Court of Wood County opined:

> I believe . . . in 14-P-CR-54 . . . [petitioner] refused to waive extradition. I think we found out later that Athens County had obtained or requested a Governor's Warrant, but there may have been a policy at that time that our Governor's Office - I don't know if it's still their policy - did not issue Governor's Warrants if he was sentenced to prison in West Virginia, which apparently that delayed those proceedings because he had been -- he was under sentence in West Virginia[.]

[3] During a hearing in March of 2018, the Circuit Court of Wood County explained that when it dismissed Case No. 14-P-CR-54, it was unaware of the Governor's warrant. It went on to state, "[W]e dismissed [Case No. 14-P-CR-54] at the request of the Department of Corrections . . . so they could place [petitioner] on parole from Huttonsville. So we kind of did them a favor, I guess, by dismissing it in 2016."

[4] Petitioner claimed below that, on June 26, 2017, he filed a civil action in the Circuit Court of Kanawha County against the Division of Corrections and the State of West Virginia in connection with his extradition to Ohio on September 12, 2016. The appendix record does not contain any information concerning his specific claims or the status of the any such civil action.

[5] Pruntytown Correctional Center is located in Taylor County, West Virginia.

2

[petitioner] was scheduled to appear at a Pre-Trial Hearing in connection with" Case No. 14CR0289, and that petitioner failed to appear, violating the conditions of his bond. Thereafter, an extradition action associated with this warrant ensued in the Circuit Court of Taylor County under Case No. 17-P-CR-24, wherein petitioner again resisted extradition to Ohio. On July 12, 2017, Governor Kasich issued a second requisition request to the Governor of West Virginia, stating his belief that petitioner "may now be found under either civil or criminal arrest in the custody of Pruntytown Correctional Center." On July 20, 2017, West Virginia Governor Jim Justice issued a Governor's warrant for petitioner's arrest.

On July 20, 2017, the Circuit Court of Taylor County held a hearing in Case No. 17-P-CR-24. Petitioner advised the court that he was scheduled to complete his prison term two days later on July 22, 2017. The court said:

> Right now I can't make a decision because I don't have any information to make a decision on. . . . I mean I have a copy of what appears to be a docket sheet where it says that a circuit judge in Wood County dismissed the case in Wood County because an extradition warrant was never filed by the state of Ohio. I am not willing just to hold [petitioner] after I gave all of you 30 days to get all of this information together.
>
> So if you want to go forward, Mr. Bord [prosecuting attorney], then you'll need to provide all of the certified documents and get the entire thing together.

On July 21, 2017, the court entered an order continuing the case and placing petitioner on a $1,000.00 personal recognizance bond upon his release from Pruntytown Correctional Facility. There is no indication that the court or the parties were aware of either Governor's warrant.

In October of 2017, another extradition action associated with the 2016 warrant ensued in the Circuit Court of Wood County under Case No. 17-P-CR-119. On November 3, 2017, petitioner appeared for a hearing before the Circuit Court of Wood County. His counsel advised the court that petitioner "is already out on bond on a Fugitive from Justice Warrant involving the same charges from Ohio out of Taylor County." In light of the extradition case pending in Taylor County, the State of West Virginia made a motion requesting that Case No. 17-P-CR-119 be dismissed, and the court granted the motion.

On February 21, 2018, the Circuit Court of Taylor County entered an order dismissing case No. 17-P-CR-24. That order stated, "The Prosecuting Attorney represents to the Court that the State no longer wishes to pursue this matter[] and moves the Court to dismiss the above styled case." The order directed that the case be dismissed without prejudice.

In March of 2018, another extradition action associated with the 2016 warrant proceeded in the Circuit Court of Wood County under Case No. 18-P-CR-22. Petitioner filed a motion to dismiss the proceedings against him with prejudice, arguing that the State of West Virginia "should be prohibited from arresting defendant again regarding . . . Case No. 14CR0289." On March 9, 2018, the circuit court held a hearing on the motion. Counsel for petitioner remarked, "[W]e're beyond double jeopardy. We're clearly at triple or quadruple jeopardy. And at some point, there

3

has to be some reasonable limitation. I don't think that they can just keep doing it over and over and over, and making errors over and over, and keep re-arresting [petitioner]." The court disagreed, responding:

> Well, we're going to guarantee [petitioner] all his rights under the Uniform Fugitive from Justice Act. But in my view, this is a new proceeding. There's been no decision on the merits of whether the State of Ohio can extradite him. He's entitled to have that fully litigated if he so desires.
> But, having the Governor's Warrant in front of us at this point, I believe it should be served, and I'd ask the bailiff to serve a copy on [petitioner].
> . . . .
> [Petitioner] can either go back to the State of Ohio to face the charges in Athens County or he can contest that by filing what's called a Writ of Habeas Corpus. . . .
> . . . .
> Implicitly, the Motion to Dismiss is denied. I think this Court does have jurisdiction.

The court ruled that petitioner's bond be set at $5,000.00.

Petitioner filed a petition for writ of habeas corpus in Case No. 18-P-CR-22 on April 20, 2018. Therein, he set forth two arguments: that he "was not present in the State of Ohio and committed no overt act towards committing any criminal offense in the State of Ohio on August 3, 2013 [sic]," and that "the applicable procedure has not been followed under §5-1-, et seq., so that it is improper to proceed now, and the applicable warrants should be dismissed with prejudice." The Circuit Court of Wood County held an evidentiary hearing during which petitioner presented no evidence, and the State of West Virginia presented the testimony of Sergeant Steven Daugherty of the Ohio State Highway Patrol. Sgt. Daugherty testified that during a traffic stop in Ohio on August 8, 2013, he discovered what appeared to be black tar heroin in "the lower buttocks area of [petitioner's] person." Sgt. Daugherty further testified that he charged petitioner with the felony offense of possession of heroin. Sgt. Daugherty identified petitioner as the person he arrested and charged on August 8, 2013.

Following Sgt. Daugherty's testimony, the court said:

> Clearly, we have a valid Governor's Warrant . . . . We've already noted that that was served upon the [petitioner] on March 9th, 2018.
> It appears from the evidence from Sgt. Daugherty that [petitioner] is the person wanted in the warrant. He's wanted for an extraditable offense, Possession of Heroin. That he is a fugitive from the State of Ohio and that he was in the State of Ohio, according to Sgt. Daugherty's testimony, on August 8th of 2013, the date of the alleged offense. There appears to be no statute of limitations on that felony offense, and that he is still wanted in the State of Ohio.
> Therefore, the [petitioner]'s Petition for Writ of Habeas Corpus will be denied. It will be ordered that he be delivered to the authorized representatives from the State of Ohio to appear on this charge, and it will be up to the courts in Ohio

4

what transpires after that.

The court entered an order on October 15, 2019, ("the extradition order") finding that petitioner was subject to extradition and ordering that petitioner's bond should continue with the added term of home confinement.[6]

In October of 2019, yet another extradition action commenced in the Circuit Court of Wood County under Case No. 19-P-CR-121. Petitioner filed another motion to dismiss, and the Court held a hearing on the motion on November 1, 2019. Petitioner's counsel argued:

> Certainly, I think the current [proceeding, Case No. 19-P-CR-121] would be dismissed just out of mootness . . . .
> . . . The Order [from the April 20, 2018, hearing in Case No. 18-P-CR-22] wasn't entered until October of 2019 to allow him to appeal this matter, so I believe that he's been denied effective process at this point. I don't know that it's intentional on anyone's part, but I think that that's the net result, so that that proceeding itself should be dismissed, and at least Wood County should not be able to keep re-arresting him. . . .
> As the [c]ourt noted, this is the fourth extradition proceeding over the last five years, and I don't believe that it's appropriate to punish [petitioner] for simply exercising his rights under the statute.
> . . . .
> So our request is that this proceeding [Case No. 19-P-CR-121] and the 2018 case [Case No. 18-P-CR-22] should be dismissed at this point.

Counsel for the State of West Virginia responded:

> I would object to 18-P-CR-22 being dismissed. That is not through any fault of the State or Athens County that the Order had not been entered, and it was not brought to the State's attention after submitting that that it had not been entered until almost, I mean, several months after the fact when Ms. Snodgrass [assistant prosecuting attorney] did receive an email, and I don't have the email correspondence with me at this time, but an email from Defense Counsel, and Ms. Snodgrass thoroughly followed up after receiving that email several months later.
> The Defendant has not been prejudiced by that. He has been out on bond the entire time. He has not reported to Ohio. And I believe that the time for appeal . . . began when the Order from that hearing was effectively filed and entered.

The circuit court entered an order on November 19, 2019 under Case Nos. 18-P-CR-22 and 19-P-CR-121, denying petitioner's motion to dismiss Case No. 18-P-CR-22; holding its ruling as to 19-P-CR-121 in abeyance; finding that petitioner's appeal period began to run in Case No. 18-P-CR-22 on October 15, 2019; and modifying petitioner's bond by removing the condition of home confinement.

---

[6] In April of 2018, petitioner began serving a one-year sentence of home confinement in Wood County in association with a criminal conviction in that county.

Petitioner now appeals the extradition order and the November 19, 2019 order entered by the Circuit Court of Wood County, arguing that the circuit court erred by denying his petition for writ of habeas corpus and his motions to dismiss. Our standard of review in a habeas corpus action has three prongs: "We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Furthermore, "[w]hen a party, as part of an appeal from a final judgment, assigns as error a circuit court's denial of a motion to dismiss, the circuit court's disposition of the motion to dismiss will be reviewed *de novo*." Syl. Pt. 4, *Ewing v. Bd. of Educ. of Cty. of Summers*, 202 W. Va. 228, 503 S.E.2d 541 (1998).

Article IV, Section 2, Clause 2 of the United States Constitution addresses the extradition of fugitives between the states, providing:

> A person charged in any State with Treason, Felony or other Crime who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2, cl. 2. This clause "is generally implemented by consistent state laws which regulate and detail extradition procedures." *State ex rel. Coryell v. Gooden*, 193 W. Va. 461, 465 n.5, 457 S.E.2d 138, 142 n.5 (1995). In West Virginia, extradition procedures are set forth in the Uniform Criminal Extradition Act, West Virginia Code §§ 5-1-6 to -12 ("the Act").[7]

Under the Act, there are two primary ways in which an alleged fugitive from justice can be arrested in this State: pursuant to a fugitive warrant issued by a circuit court or magistrate court or pursuant to a Governor's warrant. *See* W. Va. Code §§ 5-1-8(a), -9(d). For a judge or magistrate to issue a fugitive warrant, a credible person must make an affidavit before the judge or magistrate that the subject individual is a fugitive wanted in another state. *See* W. Va. Code § 5-1-9(d). Whenever a person is arrested pursuant to a fugitive warrant, that person must be presented to a judge or magistrate. The alleged fugitive may be held in the custody of the State for up to ninety days pending the issuance and execution of a Governor's warrant. *See* W. Va. Code § 5-1-9(d), (f), (h). If the person is not arrested on the Governor's warrant within ninety days, he must be released from custody. *See* Syl., in part, *Brightman v. Withrow*, 172 W. Va. 235, 304 S.E.2d 688 (1983) ("Under the provisions of W.Va.Code, 5-1-9, a fugitive incarcerated under a fugitive warrant in this State is entitled to release from custody after ninety days unless the Governor's extradition warrant has been issued and executed."). "However, upon his release such person remains a fugitive subject to rearrest on the Governor's warrant if he remains within this State." *Id.* at 236, 304 S.E.2d at 689, Syl., in part.

---

[7] After petitioner's evidentiary hearing, West Virginia Code §§ 5-1-6 to -12 were repealed and re-codified. The new statutes, West Virginia Code §§ 62-14A-1 to -7, went into effect on May 22, 2019.

The Code directs the Governor of West Virginia to issue a Governor's warrant if the Governor decides that the demand of another state for the return of a fugitive should be complied with. *See* W. Va. Code § 5-1-8(a). Following arrest on a Governor's warrant, an alleged fugitive may be held in the custody of this State for further extradition proceedings. *See Brightman*, 172 W. Va. at 239, 304 S.E.2d at 692 (finding that confinement following re-arrest on a Governor's warrant is not illegal where the alleged fugitive has previously been held on a fugitive warrant for a total of ninety days). The alleged fugitive may challenge the legality of his or her arrest and detention by filing a petition for writ of habeas corpus. *See* W. Va. Code § 5-1-9(a). When such an application is made, the court should hold an evidentiary hearing during which the court

> is limited to considering [1] whether the extradition papers are in proper form; [2] whether there is a criminal charge pending in the demanding state; [3] whether the petitioner was present in the demanding state at the time the criminal offense was committed; and [4] whether the petitioner is the person named in the extradition papers.

Syl. Pt. 1, in part, *State ex rel. Gonzales v. Wilt*, 163 W. Va. 270, 256 S.E.2d 15 (1979) (citation omitted); *accord Coryell*, 193 W. Va. at 463, 457 S.E.2d at 140, Syl. Pt. 1. The court's review is limited because "allow[ing] plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, § 2." *Coryell*, 193 W. Va. at 466 n.7, 457 S.E.2d at 143 n.7 (quoting *Michigan v. Doran*, 439 U.S. 282, 290, 99 S. Ct. 530, 536 (1978)).

We have held that

> [t]he issuance of a warrant by the Governor of the asylum state, regular on its face, makes a prima facie case for extradition; however, if the accused presents evidence supporting his claim that he is not the person named in the warrant, the issue of identity is raised and the burden is upon the state to prove identity.

*Gonzales*, 163 W. Va. at 270-71, 256 S.E.2d at 16, Syl. Pt. 2.

> To be a "fugitive from justice," it is necessary that the person charged as such must have been actually present in the demanding state at the time of the commission of the crime, or, having been there, has then committed some overt act in furtherance of the crime subsequently consummated, and has departed to another jurisdiction. And, if the evidence be clear and convincing that the accused was not personally in the demanding state at the time of the commission of the offense charged, and has committed no prior overt act therein indicative of an intent to commit the crime, or which can be construed as a step in the furtherance of the crime afterwards consummated, he should be discharged.

Syl. Pt. 2, *State ex rel. Blake v. Doeppe*, 97 W. Va. 203, 124 S.E. 667 (1924).

In the instant case, each of the proceedings brought against petitioner in connection with Case No. 14CR0289 arose from arrests pursuant to fugitive warrants. The second Governor's

7

warrant was finally served on petitioner during the hearing on March 9, 2018, and petitioner filed a petition for a writ of habeas corpus in Case No. 18-P-CR-22 to challenge the legality of his arrest and detention thereunder. As detailed above, following an evidentiary hearing, the circuit court denied the writ and ordered that petitioner be extradited to Ohio.

In his first assignment of error, petitioner sets forth three arguments as to how the circuit court erred in ordering his extradition. First, he avers that the circuit court violated his rights "under the extradition statute" by entering the extradition order from the evidentiary hearing nearly a year and a half after the hearing. Second, he argues that he has been subjected to a legally impermissible number of arrests and extradition proceedings in connection with Case No. 14CR0289. Third, he asserts that the State of West Virginia failed to prove the required elements for extradition. We find that there is no merit to any of these three arguments.

At the outset, we are perplexed by petitioner's argument that his rights were violated by the court's delay in filing the extradition order. Petitioner has fought extradition to Ohio for almost four years. During the eighteen months between the evidentiary hearing and the entry of the extradition order, petitioner was not in custody. In that petitioner was able to remain in West Virginia and that he was not in custody during that time, it is obvious that petitioner has, if anything, benefited from the delay in the entry of the order. In light of this apparent benefit, it is not surprising that the appendix record reveals that petitioner took little affirmative action to ensure the timely entry of the order. Although counsel for the State of West Virginia indicated that petitioner's counsel contacted an assistant prosecuting attorney by email about the order some months after the hearing, there is no indication that petitioner took any further action concerning the order, such as contacting the circuit court about the order or filing a writ of mandamus with this Court to compel the circuit court to enter the order.

While petitioner claims that his rights "under the extradition statute" were violated by the untimely entry of the extradition order, he does not identify which specific extradition statute is relevant to his claim or how the State of West Virginia violated his rights under that statute. We note that he made no such argument below, asserting a similarly insubstantial argument that petitioner had been "denied effective process" by the untimely entry of the extradition order. We have consistently recognized that "[a] skeletal 'argument', really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State, Dep't of Health and Human Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner has presented the Court with nothing more than a bare-bones assertion that he has suffered prejudice by the untimely entry of the extradition order, we conclude that petitioner has failed to preserve this claim.

We further find that petitioner is not entitled to have the extradition order set aside on the basis that he has been subjected to numerous arrests and extradition proceedings in connection with Case No. 14CR0289. We acknowledge that the number of arrests to which petitioner was subjected and the number of extradition proceedings commenced against him in connection with

Case No. 14CR0289 are unusual;[8] however, we find that the prior arrests and proceedings did not preclude the circuit court from ordering the extradition of petitioner in Case No. 18-P-CR-22. There is no exception in Article IV, Section 2, Clause 2 of the United States Constitution or the Act that would prohibit the extradition of a fugitive where multiple arrests on fugitive warrants have previously been made. As we held in *Brightman*, a person who has been arrested on a fugitive warrant and later released from custody remains a fugitive subject to re-arrest on a Governor's warrant when that person remains in this State. 172 W. Va. at 236, 304 S.E.2d at 689, Syl. The appendix record shows that, except for the instance in which petitioner was transported to Ohio, petitioner remained in West Virginia each time he was released from custody. He has been wanted in Ohio in connection with Case No. 14CR0289 since the 2016 warrant was issued in that state, and the Governor's warrant, which was eventually served on petitioner, was never recalled. Further, the appendix record shows that, in dismissing the prior extradition proceedings, neither the Circuit Court of Wood County nor the Circuit Court of Taylor County determined that petitioner should be discharged from further custody under Syllabus Point 2 of *Blake*. Indeed, prior to the entry of the extradition order, no court in this State had made a determination as to the enforceability of the Governor's warrant. Consequently, the circuit court was not precluded from ordering the extradition of petitioner in Case No. 18-P-CR-22.[9]

Finally, we find no merit to petitioner's argument that the evidence presented by the State of West Virginia was inadequate to justify the circuit court's extradition order. The sum total of petitioner's argument on this issue is that "the State of West Virginia failed to prove the elements as described above in [Syllabus Point 1 of *Gonzales*]." It is not evident from this undeveloped argument whether petitioner is contending that the State failed to present adequate evidence as to only one element or multiple elements,[10] and petitioner does not explain how the evidence presented was insufficient on any of the elements. Regardless, in the absence of any argument or evidence to the contrary, this Court finds that the Governor's warrant was regular on its face. Under Syllabus Point 2 of *Gonzalez*, the issuance of the Governor's warrant made a prima facie case for petitioner's extradition, placing the burden on petitioner to prove, by clear and convincing

---

[8] There is no evidence in the appendix record demonstrating that the various arrests and extradition proceedings were the product of malice on the part of the State against petitioner or that they were intended to harass petitioner.

[9] In his brief, petitioner contends that the United States Supreme Court's holding in *Cuyler v. Adams*, 449 U.S. 433 101 S. Ct. 703 (1981), was violated when petitioner was paroled into the custody of the sheriff's department of Athens County, Ohio, and transported to Ohio in September of 2016. Petitioner has not explained how the legality of his prior extradition to Ohio following the dismissal of Case No. 14-P-CR-54 has any bearing on the enforceability of the extradition order in Case No. 18-P-CR-22. Because we conclude that petitioner's arrest and extradition in Case No. 18-P-CR-22 were permissible under *Brightman*, we find that his prior extradition to Ohio is irrelevant to this action and we decline to address the issue further.

[10] We note that petitioner's habeas corpus petition addressed only the third element in Syllabus Point 1 of *Gonzales*: whether the petitioner was present in the demanding state at the time the criminal offense was committed.

evidence, that one or more of the elements in Syllabus Point 1 of *Gonzales* were not satisfied. By failing to present any such evidence below, petitioner did not satisfy his burden of proof, and the burden of proof did not shift to the State of West Virginia. Because the burden of proof never shifted to the State, the State was not obligated to produce any evidence on the four elements in Syllabus Point 1 of *Gonzales*.[11] Instead, the issuance of Governor's warrant itself provided the necessary justification for the circuit court to order the extradition of petitioner to Ohio, and petitioner's argument as to the sufficiency of the evidence necessarily fails. We conclude that the circuit court did not abuse its discretion by denying petitioner's habeas corpus petition and ordering that petitioner be extradited to Ohio. Indeed, the court was obligated, under Article IV, Section 2, Clause 2 of the United States Constitution, the Act, and *Brightman* to order petitioner's extradition.

In his second and final assignment of error, petitioner argues, without citing to any law in support of his position, that the circuit court erred by denying his two motions to dismiss Case No. 18-P-CR-22 and all subsequent and future extradition proceedings in West Virginia arising in connection with Case No. 14CR0289. He asserts, "Whatever right the State has to prosecute this action has been grossly abused to such a degree that the action against the [p]etitioner should be dismissed," and he contends that the State [of West Virginia] should be "precluded from again arresting and prosecuting the [p]etitioner for the charges arising in Athens County." For the reasons discussed above, dismissal of Case No. 18-P-CR-22 would have been improper. Accordingly, we conclude that the circuit court did not err by denying the motions to dismiss Case No. 18-P-CR-22. As for Case No. 19-P-CR-121, the circuit court has not issued an appealable ruling on the motion to dismiss, having held the motion in abeyance, so the issue is not properly before this Court. Likewise, as for all prospective cases, this Court is unable to review for error the circuit court's failure to dismiss cases that do not yet exist. Therefore, in this instance, we cannot find reversible error as to Case No. 19-P-CR-121 and any similar prospective cases.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[11] Even though the burden of proof did not shift to the State, the State presented the uncontradicted testimony of Sgt. Daugherty establishing that petitioner was indeed a fugitive from justice wanted in Ohio in connection with Case No. 14CR0289.